PETRUCHIK *v.* PAWLOVICH.

1. APPEAL AND ERROR—ASSUMPSIT—CONTROVERSY OVER SUM LESS THAN $500—LEAVE TO APPEAL.
   Appeal of plaintiff from adverse verdict and judgment on count in assumpsit is dismissed where it conclusively appears that the amount he could recover under such count was less than $500 and no leave to appeal to this court was first obtained as required by court rule (Court Rule No. 60 [1933]).

2. SAME—TORT—CERTIFICATE OF TRIAL COURT—LEAVE TO APPEAL.
   Appeal of plaintiff from adverse verdict and judgment on tort count is dismissed where he failed to obtain certificate of trial court that the controversy actually involved more than $500 and no leave to appeal to this court was first obtained as required by court rule (Court Rule No. 60 [1933]).

Appeal from Wayne; Ferguson (Homer), J. Submitted April 25, 1939. (Docket No. 118, Calendar No. 40,406.) Decided July 6, 1939.

Action by Mike Petruchik against Koctantyn Pawlovich, also known as Kostanty Pawlowicz, for sums due for wages and for damages for personal injuries sustained in an altercation. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*John G. Cross,* for defendant.

NORTH, J. Plaintiff has joined two causes of action, one in assumpsit, the other in tort. In the assumpsit count the alleged indebtedness is fixed in the amount of $5,000. Notwithstanding this recital in the declaration, the uncontradicted testimony discloses that his sole assumpsit claim is one month's wages in the amount of $25. In the trespass count the *ad damnum* clause is in the sum of $20,000. Both claims were submitted to the jury and the verdict was for defendant.

Clearly plaintiff could not appeal as a matter of right, in view of the testimony, from the verdict on the assumpsit count. It conclusively appears that the amount plaintiff could recover under this count was less than $500. Therefore under Court Rule No. 60 (1933), plaintiff could not appeal except by first obtaining leave from this court.

The jury's verdict on the trespass count was also adverse to plaintiff. Therefore he had no right to appeal from such determination except he first obtained a certificate from the trial judge "that the controversy actually involved more than $500." See Court Rule No. 60 (1933). The certificate was not

obtained and under the rule plaintiff had no right to appeal from the adverse verdict in his tort action without first obtaining leave from this court.

Leave to appeal was not obtained. The judgment entered in the trial court is affirmed, this amounting to a dismissal of plaintiff's appeal for the above reasons. Costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.