## LORD *v.* LORD.

1. APPEAL AND ERROR—LEAVE TO APPEAL—DISMISSAL BY SUPREME COURT ON OWN MOTION.

Appeal is dismissed on Supreme Court's own motion where declaration in replevin alleged goods were of the value of $345, such allegation was denied, judgment was entered for defendant, appeal taken as of right without leave granted, and no certificate by the trial judge that controversy involved more than $500, and defendant has not filed a motion to dismiss or a brief (Court Rule No 60, § 1[d] [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 440, 739, 746.
[2] 14 Am Jur, Costs § 96.

2. Costs—Motion to Dismiss.
> No costs on appeal are allowed appellee upon dismissal of appeal by Supreme Court on its own motion, where appellee filed no motion to dismiss.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 10, 1957. (Docket No. 27, Calendar No. 47,015.) Decided December 24, 1957.

Replevin by Roy G. Lord, executor of the estate of George Lord, deceased, against Agnes Lord, instituted in the common pleas court, City of Detroit, resulted in judgment for defendant and affirmance by circuit court. Plaintiff appeals. Affirmed.

*Roy G. Lord,* executor, *in propria persona.*

DETHMERS, C. J. Plaintiff brought replevin for possession of goods alleged in his declaration to be of the value of $345. Defendant's answer denied the allegation. From judgment for defendant, plaintiff took an appeal here as of right without leave granted. The record contains no certification by the trial judge that the controversy involves more than $500 as provided in Court Rule No 60, § 1(d) (1945). Defendant has filed no motion to dismiss or brief nor in any way appeared in this Court on this appeal. Under the circumstances we will dismiss on our own motion. *Miller* v. *Johnson,* 201 Mich 535. Applicable and adopted as dispositive of this case is the following from *Seeley* v. *Baptist Ministers' Aid Society,* 302 Mich 199:

"No application for leave to appeal having been filed, and no leave having been granted, the appeal is dismissed.

"However, we have examined the records and briefs and are convinced that, if plaintiffs' appeal were considered on its merits, they could not succeed.

"The defendant not having filed motion for such dismissal, no costs will be allowed."

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred