SWEET *v.* RINGWELSKI.

1. Negligence—Gratuitous Undertaking.

The law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies.

2. Same—Voluntary Relief of Distressed Persons—Duty of Care.

One person seeing another in distress may or may not be under legal obligation to afford him relief, but if he does undertake it, he is bound to act with reasonable prudence and care, to the end that if his effort be unavailing it shall at least not operate to increase the injury which he seeks to alleviate.

3. Automobiles—Pedestrians—Negligence—Question for Jury— —Minors—Waving to Pass.

Issue of negligence of northbound defendant truck driver who had stopped his vehicle south of crosswalk on which plaintiff,

---

References for Points in Headnotes

[1, 2] 38 Am Jur, Negligence § 42.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1037.
[4] 38 Am Jur, Negligence §§ 64, 72.
[5] 3 Am Jur, Appeal and Error §§ 853, 886.
[6] 5A Am Jur, Automobiles and Highway Traffic § 1029.
[7] 3 Am Jur, Appeal and Error § 246.
[8] 2 Am Jur, Appeal and Error § 42.
[9] 3 Am Jur, Appeal and Error § 830.
[10] 5A Am Jur, Automobiles and Highway Traffic § 1094.
[11] 5A Am Jur, Automobiles and Highway Traffic §§ 448, 756.
[12] 53 Am Jur, Trial § 525.
[13] 5A Am Jur, Automobiles and Highway Traffic § 1102.

a 10-year-old girl, was eastbound across 50′ street and to whom trucker waved indicating she should proceed in front of him, *held*, a matter for jury, in action for injuries received when plaintiff was run into by defendant northbound motorist who passed to the right of defendant trucker, in view of possible obstruction to her view of truck, her reliance upon instructions from an adult, and his foreseeability of the consequences of his action in waving to her under the circumstances.

4. Negligence—Proximate Cause—Continuing Effect of Original Act—Intervening Act.

An act of negligence which is a substantial factor in bringing about an injury does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act.

5. Appeal and Error—Directed Verdict—Evidence—Inferences.

The Supreme Court, on appeal from a directed verdict, must consider the testimony in the light most favorable to plaintiff and accept all favorable, reasonable inferences to be drawn therefrom.

6. Automobiles—Minor Pedestrians—Proximate Cause—Forseeable Consequences.

Whether or not 10-year-old eastbound plaintiff proceeded on south crosswalk in front of and beyond defendants' stopped truck into path of defendant's northbound car as result of trucker's waving to her to proceed as she stood in center of 50′ street, whether that had been superseded by intervening negligent action of plaintiff, and whether her action in going beyond the front of the truck was a foreseeable consequence of trucker's action in waving to her *held*, questions for jury under evidence presented in action against trucker, his employer, and operator of overtaking car.

7. Appeal and Error—Questions Reviewable—Contributory Negligence—Minors.

Issue of contributory negligence of 10-year-old girl in passing beyond front of stopped truck south of south crosswalk of 50′ street, after trucker had waved to her to proceed as she stood in center of street, not having been determined by trial court nor argued on appeal, is not considered.

8. SAME—CERTIFICATE OF AMOUNT IN CONTROVERSY.

An appeal from order granting defendants' motion for directed verdict was properly before the Supreme Court, where *nunc pro tunc* certificate that controversy involved more than $500 was made by trial court while it still had possession of the record in the case (Court Rules No 56, § 2, No 60 [1945]).

9. SAME—THEORY OF CASE—PROTECTED STREET CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Record in action by 10-year-old schoolgirl who was injured while crossing 50′ street where not protected by a traffic light *held*, not to show case was left to jury on theory that plaintiff was guilty of contributory negligence in crossing at such intersection pursuant to mother's direction, rather than at nearby available crossings protected by traffic lights, hence, it was not reversible error for trial court to overrule plaintiff's objections to testimony concerning fact that other children from the school crossed the street at intersections protected by traffic lights.

10. AUTOMOBILES — MINOR PEDESTRIANS — CROSSWALK — STOPPED TRUCK—INSTRUCTIONS.

Error to the prejudice of eastbound 10-year-old schoolgirl plaintiff on marked crosswalk was committed by trial court in charging jury that under 2 ordinances the northbound defendant motorist's duty to stop before passing over crosswalk, south of which a northbound truck had stopped, was dependent upon whether such defendant knew or had means of knowing or good reason to know that plaintiff was in the crosswalk ahead of the truck and that the truck was stopped for that reason, since the test was whether an ordinary, careful and prudent driver, in the exercise of due care, would have anticipated the possibility of a person walking where plaintiff did and have taken precautionary measures accordingly and whether such defendant failed in that respect.

11. SAME—PEDESTRIANS—STREET CROSSINGS—ORDINANCES.

Pedestrians, under ordinances protecting them in marked crosswalks, have the right to cross the street at street crossings even on a through street and are not required to anticipate that drivers will violate ordinances, statutes, or rules of safety, it being incumbent upon drivers to anticipate the presence of pedestrians at street crossings and, when drivers cannot see whether the crossing is clear, they must have their cars under such control as to meet conditions which may be reasonably expected.

12. APPEAL AND ERROR—REQUESTS TO CHARGE.
    It is not error to reject requests to charge which are partially
    correct and partially incorrect on the law.

13. AUTOMOBILES — PEDESTRIANS — CROSSWALKS — REQUESTS TO
    CHARGE.
    Court properly rejected request to charge in eastbound 10-year-
    old plaintiff's action against northbound motorist who struck
    her as she was within crosswalk after she had passed in front
    of stopped truck, that plaintiff had a right to assume that
    defendant would obey the law and that no motorist would do
    what defendant did, since such instruction would have deter-
    mined a question of fact as a matter of law and eliminated any
    jury consideration as to whether the defendant had or had not
    acted with due care or in violation of ordinances relative to
    conduct of motorists at crosswalks.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted October 13, 1960. (Docket No. 82, Calendar
No. 48,609.) Decided January 9, 1961.

Case by Sandra Sweet, by her next friend, William
Baldwin, against Eugene Ringwelski, Crawford
Door Sales Company, a Michigan corporation, and
Emmett Thompson for personal injuries sustained
when struck by automobile on September 25, 1956.
Directed verdict for defendants Crawford Door
Sales Company and Thompson. Verdict and judg-
ment for defendant Ringwelski. Plaintiff appeals.
Reversed and remanded for new trial.

*Dann, Rosenbaum, Bloom & Kaufman,* for plain-
tiff.

*Garan, Lucow & Miller (Albert A. Miller,* of coun-
sel), for defendant Ringwelski.

*Erickson, Dyll, Marentay & Slocum (Milo M.
Rouse,* of counsel), for defendants Crawford Door
Sales Company and Thompson.

DETHMERS, C. J.   Plaintiff, a 10-year-old girl, walked east along the south side of an east and west street.   She reached its intersection with a north and south street 50 feet wide.   There were no traffic control signs or lights there.   She stopped at the west curb, observed that no southbound traffic was approaching from her left and started to cross in the area marked off for crosswalk purposes.   She reached the center of the north and south street, saw northbound vehicles approaching from her right and stopped to wait for them to pass.   The first was a truck owned by defendant Crawford Door Sales Company and driven, in the course of its business, by its employee, defendant Thompson.   It was proceeding in the northbound lane nearest the center. It stopped at the crosswalk and others stopped behind it.   Defendant Thompson waved to plaintiff to cross in front of him.   She did so.   When she had passed the front of the truck and taken 2 or 3 steps beyond it she was struck by the automobile driven by defendant Ringwelski which was also traveling north in the lane immediately east of the truck which it was undertaking to pass.   There was testimony that plaintiff looked to her right as she reached the east side of the truck but did not see the Ringwelski car coming, and also contrary testimony that she only looked straight ahead to the east.

After plaintiff's proofs had been introduced the court directed a verdict for defendant Thompson and his corporate employer.   This was on the ground that no showing of negligence was made against them. The case proceeded as to defendant Ringwelski, the jury returning a verdict of no cause for action. Plaintiff's motion for new trial as to all defendants was denied.   She appeals.

The action of defendant Thompson, claimed as negligence by plaintiff, was his waving her on without having ascertained that she could proceed across

the rest of the intersection in safety, without danger from other approaching vehicles. In *Hart* v. *Ludwig,* 347 Mich 559, 564, this Court quoted from 38 Am Jur, Negligence, § 17, p 659, as follows:

" 'The law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies.' "

Reference to that same American Jurisprudence section discloses the further statement that:

"The good Samaritan incurs a responsibility avoided by those who 'pass by on the other side.' One person seeing another in distress may or may not be under legal obligation to afford him relief, but if he does undertake it he is bound to act with reasonable prudence and care, to the end that if his effort be unavailing it shall at least not operate to increase the injury which he seeks to alleviate."

Defendants Thompson and Crawford Door Sales Company urge, in support of the directed verdict in their favor, that they were not shown to have been negligent, and, further, that if they were to be so held their negligence was not a proximate cause of plaintiff's injury, but, as a matter of law, was superseded by her intervening negligence in proceeding in front of the Ringwelski car, without making proper observation, after having passed in front of the truck.

In directing the verdict the trial court said, in effect, that plaintiff was seeking, in this case, to transpose an act of common courtesy into a tort; that Thompson's waving plaintiff ahead could only be interpreted fairly as meaning, "Go ahead, my car is stopped and it will stay stopped until you pass in front of it," and that it did not give her license to go ahead beyond the truck without further precautions

on her part; that he was not thereby informing her that she would be safe from other traffic after passing his truck; that under her own testimony she had not, from that point on, relied on his gesture at all but, upon reaching the right front of his truck, had stopped, made further observation, and concluded, in reliance on her own judgment, that she could go on in safety.

Defendants Thompson and Crawford Company, for support of their claim of no negligence on their part, rely on *Devine* v. *Cook*, 3 Utah 2d 134 (279 P2d 1073). Involved in that case were 2 adult motorists. The one who was signalled to proceed had as good or better opportunity than the other to observe the approach of a third vehicle. Whatever validity there may have been, under the facts of that case, to the court's view that the defendant's waving motion should, at most, and as a matter of law, be held to amount only to a manifestation that the waver would wait for the other and not an assurance of safety with regard to other vehicles, such are not the facts here. Plaintiff was a 10-year-old girl. Her vision of the Ringwelski car may have been obstructed by the truck when Thompson waved to her. She testified that she proceeded to the point of impact because she had relied on what she considered directions from an adult and that she would not otherwise have gone on until the traffic had cleared. We do not believe that the court should have determined, as a matter of law, the intended meaning of Thompson's waving action and, more important, the thought that it might reasonably have been anticipated would be conveyed thereby to the 10-year-old girl. These, it seems to us, were questions of fact for the jury. The answers would be determinative of the question of Thompson's negligence.

With respect to the question of proximate cause and of plaintiff's alleged intervening negligence after

passing in front of the truck, we think applicable from *Parks* v. *Starks,* 342 Mich 443, 447, the following:

" 'Where an act of negligence is a substantial factor in bringing about an injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act. 2 Restatement, Torts, §§ 440–442, 447.' "   (This appeared in *Parks* v. *Starks, supra,* as a quotation from *Solomon* v. *Continental Baking Co.,* 172 Miss 388, 393 [160 So 732].)

There is testimony that, after passing the truck, plaintiff proceeded on without looking right or left and, as above stated, she testified that in so proceeding she was relying on what she thought were the directions of an adult.  This is contradicted by other testimony of plaintiff, but in considering a directed verdict against her we must view the testimony in the light most favorable to her and accept all favorable, reasonable inferences to be drawn therefrom. So viewed, we conclude that the question whether her proceeding, in the fashion she did, continued to be caused by Thompson's action, or whether that had been superseded by intervening negligent action of plaintiff, presented a question of fact for the jury. And so, also, for the question of whether Thompson should or might have foreseen such consequence, that was for the jury to say.  If plaintiff's subsequent act was reasonably foreseeable, it would not, of course, constitute such intervening conduct as to terminate the effect and legal consequences of defendant's antecedent negligent act.  *Ferraro* v. *Taylor,* 197 Minn 5 (265 NW 829) ; *Mitchell* v. *Lonergan,* 285 Mass 266 (189 NE 39) ; *Coop* v. *Williamson* (CCA6),

173 F2d 313; *Warner* v. *Santa Catalina Island Co.*, 44 Cal 2d 310 (282 P2d 12); *Kuhns* v. *Brugger,* 390 Pa 331 (135 A2d 395, 68 ALR2d 761).

The trial court, in directing the verdict, expressly declined to determine the question of plaintiff's contributory negligence, it is not argued on appeal, and we do not pass on it. Neither do we say that defendants Thompson and Crawford Company were guilty of or free from negligence that was a proximate cause of plaintiff's injury, but only that the question is one for the trier of the facts. The directed verdict should be set aside and the cause remanded for trial as to them.

It is urged in defendants' briefs that this Court does not have jurisdiction of this appeal because plaintiff did not obtain leave to appeal and failed to file a certificate of the trial judge that the controversy involves more than $500 as provided in Michigan Court Rule No 60, § 1(d) (1945). Defendants had not filed motions to dismiss on this account but, after plaintiff's brief had been filed in this Court, raised this question for the first time in their briefs. On the day following receipt of the first defendant's brief plaintiff filed a motion in circuit court for a *nunc pro tunc* certificate. After defendants admitted that more than $500 was involved but opposed the motion on technical grounds, the trial court granted it under the correcting power conferred upon that court by Michigan Court Rule No 56, § 2 (1945), it then still having possession of the record in the case. The certificate was filed and included in a supplemental appendix. For their position defendants cite *Petruchik* v. *Pawlovich,* 289 Mich 603, and *Lord* v. *Lord,* 350 Mich 697. Decisions in these 2 cases are based on lack of right in appellant, not lack of jurisdiction in this Court. It is manifest from the record that far more than $500 is here involved. Under all the circumstances, we consider the certificate prop-

erly made and entered and the appeal properly before us.

Plaintiff claims error in overruling her objections to testimony concerning the fact that other children from the school plaintiff attended crossed the street in question at other intersections protected by traffic lights. She contends that this in effect left it to the jury to consider whether plaintiff, or her mother who had instructed her to cross there, were guilty of contributory negligence in crossing or directing crossing at an intersection less safe than others nearby and available. While such consideration and suggested defense would be improper, an examination of the record leaves us unconvinced that the case was left to the jury on any such basis or that it possibly could have concluded from what occurred in this connection that this would be a possible defense.

Plaintiff complains of instructions given and failure to give certain of her requests to charge. In his instructions the court read to the jury 2 applicable sections of an ordinance and commented thereon as follows:

"There are 2 ordinances which plaintiff claims, and I think properly so, have some application in this case. I will read them to you, at least in part: 'At intersections not controlled by traffic signals (and this intersection was such a one), the driver of a motor vehicle shall slow down or stop, if need be, to avoid interfering with a pedestrian lawfully within a crosswalk.' It is the plaintiff's claim that the defendant violated this ordinance, but in order to violate the defendant must have had some intimation, some actual or constructive notice that there was a pedestrian lawfully within the crosswalk, because if he did not know or had no means of knowing that, he was not required to slow down or stop.

"The second ordinance reads as follows: 'It shall be unlawful for the operator of a motor vehicle to overtake and pass another motor vehicle which is:

stopped at a marked or unmarked crosswalk to avoid interference with a pedestrian lawfully within such crosswalk.' That means that Mr. Ringwelski, before he could be charged with violating this ordinance, must have known or have had good reason to know—that is, he should have known—that the truck was stopped to avoid interference with a pedestrian within the crosswalk. If he didn't know it or if he had no means of knowing that there was a pedestrian in the crosswalk, then he was not required to stop behind the truck."

In this instruction we think the court erred to plaintiff's prejudice. Defendant Ringwelski's duty to comply with the ordinance requirements was not dependent solely on whether he knew or had means of knowing or good reason to know that plaintiff was in the crosswalk ahead of the truck and that the truck was stopped for that reason. The test is whether an ordinary, careful and prudent driver, in the exercise of due care, would have anticipated the possibility of a person walking where plaintiff did and have taken precautionary measures accordingly and whether defendant Ringwelski failed in that respect. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99; *Thompson* v. *Michigan Cab Co.,* 279 Mich 370; *Davis* v. *New York Central R. Co.,* 348 Mich 262. In a case similar on its facts to this and involving comparable ordinance provisions (*Guina* v. *Harrod,* 275 Mich 393), this Court held it to be a reasonable inference that defendant, in a position like that of defendant Ringwelski here, was guilty of negligence in approaching the crossing and passing the standing car as he did, in disregard of the possible presence of plaintiff in front of that car, in view of his inability to see whether anyone was there or not. This Court said (p 395):

"Pedestrians have the right to cross the street at street crossings even on a through street. They are

not required to anticipate that drivers will violate ordinances, statutes or rules of safety. Drivers must anticipate the presence of pedestrians at street crossings and, when they so drive that they cannot see whether the crossing is clear, they must have their cars under such control as to meet conditions which may be reasonably expected. Defendant was negligent in approaching the crossing without proper control of the car in view of his inability to see conditions at the crossing."

The duty imposed by the ordinance upon defendant and the requirement of due care, as expressed in the quoted language from *Guina*, that he anticipate the presence of a pedestrian in the position where plaintiff here was and act accordingly are not covered by the court's instruction that he needed to act as the ordinance provided only if he knew or had means of knowing that plaintiff was there and that the truck had stopped for that reason. Under decision in *Guina* we must say that the court committed prejudicial error in this respect, entitling plaintiff to a new trial as to defendant Ringwelski also.

Complaint of error in failure to give a requested charge which embodied elements of a correct statement of law to the effect that plaintiff had the right to assume that the defendants would obey the law is not well founded inasmuch as the request also incorporated a statement to the effect that plaintiff had a right to assume that no motorist would do what Ringwelski did here. That would have amounted to determination of a question of fact as a matter of law and eliminated any jury consideration of whether Ringwelski had or had not acted with due care or in violation of the ordinance. That was precisely one of the questions for them to decide. See *Landon* v. *Shepherd*, 353 Mich 500, as to propriety of rejecting requests partially correct and partially incorrect on the law.

Reversed and remanded for new trial as to all defendants. Costs to plaintiff.

Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.