Hunsicker, J.
The situation which confronted Bow, as he was waiting to make his left turn across the three-lane northbound portion of a heavily traveled highway, is one that occurs to motorists every day. Can one who is waiting to make a left turn depend upon the action of another motorist and absolve himself from liability for injury committed upon a party, by showing that he was invited to proceed in his left turn by such other motorist, who, at that time, had the right to proceed uninterruptedly in the direction in which he was headed?
A search of the reported cases in Ohio does not disclose that the fact situation herein has come before the courts of this state. Our attention has been called by counsel herein to the following cases from other jurisdictions: Devine v. Cook (1955), 3 Utah (2d), 134, 279 P. (2d), 1073; Sweet v. Ringwelski (1961), 362 Mich., 138, 106 N. W. (2d), 742; and Armstead v. Holbert (1961, W. Va.), 122 S. E. (2d), 43.
In each of such cases, the truck driver motioning the injured party, or the motorist, to proceed to cross in front of his vehicle, was made a party to the action brought by the one claiming damages. In each of two of such cases, Armstead v. Holbert, supra, and Sweet v. Ringwelski, supra, the injured party to whom the motion to cross in front of the motor vehicle was given was a girl of tender years.
*44 In the ease of Devine v. Cook, supra, a motorist and his passengers, who were proceeding on the same side of the street occupied by a tractor-trailer, brought actions against the employer of the truck driver and the motorist who proceeded from a side street, across a through highway intersection in front of the truck stopped to make a left turn and into the path of the Devine automobile upon the claimed signal of the truck driver. The act of the truck driver, in motioning the motorist to proceed, was deemed to be only an indication that he, the truck driver, was yielding the right of way to the motorist, and not an indication that such driver could proceed as though the entire roadway was clear.
In consideration of the case before us, we note that Section 4511.39, Eevised Code, in part, says:
“No person shall turn a vehicle # * * from a direct course upon a highway until such person has exercised due care to ascertain that the movement can be made with reasonable safety to other users of the highway * *
It must be remembered that Eow said he could not see what vehicles, if any, were in the curb lane. The truck blocked his view of that portion of the highway into which he was turning. He stated further that he depended entirely upon the motion of the operator of the truck that he could proceed to complete his left turn in safety.
This court has heretofore stated, in Eisenhuth v. Moneyhon, 161 Ohio St., 367, 119 N. E. (2d), 440, that Section 4511.39, Eevised Code, prescribes a rule of conduct as distinguished from a specific duty to act. One who fails to obey such rule of conduct is not then guilty of negligence per se.
The truck driver in the instant case could have gone forward, thus forcing Eow to wait until the northbound part of Wick Avenue was clear. He chose to signal Eow to proceed in front of him. The truck driver, in the position he found himself, owed no duty to Eow. His act was one of courtesy, not obligation. Any other view of the motion on the part of Eow can only be construed as a disregard of the rights of others lawfully on the highway.
Neither Eow, nor Bires, the operator of the car in which plaintiff was riding, can avoid the consequences of his failure to *45 exercise due care owed to plaintiff by a claim that the act of a third-party stranger caused the collision in this case.
So far as Row is concerned, he cannot be heard to say that his failure to proceed to the left with due care was because of the act of the truck operator. His obligation, as he moved left across the path of other vehicles, was to keep a lookout for such traffic, and not depend upon the act of another. In that respect, the conduct required by Section 4511.39, Revised Code, cannot be delegated to another, and thereby absolve the offending-party from proceeding with due care. When Row, without exercising any care, proceeded to complete his left turn, and thereby collided with the vehicle being operated by Bires, he became guilty of negligence as a matter of law.
The instruction of the trial judge confused the duty owed by the operators of these vehicles to plaintiff with an act of driving courtesy. The act of courtesy displayed by the truck driver cannot impose upon him a duty to others rightfully on the highway, nor can it be called an act of negligence on his part, thereby imposing upon him the consequences of a voluntary act.
The rule in the case of Schreiber v. National Smelting Co. (1952), 157 Ohio St., 1, 104 N. E. (2d), 4, is not applicable herein.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.
Hunsicker, J., of the Ninth Appellate District, sitting by designation in the place and stead of Griffith, J.