## LINDSLEY v BURKE

Docket No. 120692. Submitted January 16, 1991, at Grand Rapids. Decided June 17, 1991, at 9:10 A.M.

Milo G. Lindsley brought an action in the Kalamazoo Circuit Court against Patrick F. Burke, Jr., Paul W. Atkinson, and Karla S. Atkinson, seeking damages for injuries sustained in an automobile accident that occurred when Paul Atkinson drove his vehicle into the path of the plaintiff's vehicle after Burke, who was driving a third vehicle, had given Paul Atkinson a hand signal. Burke failed to answer or otherwise defend against the action, and a default judgment was entered against him by the court, William G. Schma, J. Burke appealed, alleging that the court abused its discretion in refusing to set aside the default, claiming that he was not provided proper notice and that he had shown good cause.

The Court of Appeals *held:*

1. Burke was properly served with notice of the plaintiff's request for a default judgment. There was no defect or irregularity in the proceedings that would entitle Burke to have the default set aside.

2. The plaintiff pleaded a cause of action in negligence under the Good Samaritan doctrine. No manifest injustice resulted from the court's denial of Burke's motion to set aside the default judgment.

Affirmed.

*Sloan, Newton, Stevens & Yokom* (by *Gary C. Newton*), for the plaintiff.

*Oosterbaan, York, Cooper & Peterson* (by *Wesley L. McPeek*), for Patrick F. Burke, Jr.

Before: DOCTOROFF, P.J., and MAHER and CAVANAGH, JJ.

CAVANAGH, J. Patrick Burke, Jr. (hereafter defendant) appeals as of right the trial court's deci-

sion not to set aside a default judgment that was entered against him, alleging that he was not given proper notice of the hearing on plaintiff's motion for entry of the default judgment and that plaintiff failed to state a cause of action in support of the judgment. We affirm.

This lawsuit stems from an automobile accident involving plaintiff and defendant Paul Atkinson. While Paul Atkinson was waiting to make a left turn into a roadway from a private drive, defendant was in the roadway waiting for Atkinson to move so that he could make a left turn into the private drive. After defendant gave Atkinson a hand signal, Atkinson pulled out of the private drive and turned into the path of plaintiff's automobile. Plaintiff suffered injuries in the collision and filed suit against defendant and against Paul Atkinson and the owner of his vehicle, Karla Atkinson, on June 1, 1988.

Defendant was served notice on June 7, 1988, and failed to answer or otherwise defend against the action. Plaintiff filed a motion for entry of default on July 21, 1988. Notice of the entry of default was mailed to defendant on August 12, 1988.

Plaintiff moved for judgment by default on May 30, 1989, and a hearing was scheduled for July 21, 1989. By that time, defendant had retained an attorney, who filed an appearance on defendant's behalf and a motion to have the entry of default set aside. Defendant's attorney convinced the trial court to hold in abeyance plaintiff's motion for a default judgment, and a hearing on defendant's motion to set aside the default was held on August 7, 1989.

At the conclusion of the hearing, the trial court found that the default had been entered one year before proofs were heard for the purposes of enter-

ing a default judgment, that defendant was aware of the lawsuit but chose not to hire an attorney or respond to the complaint, that defendant's affidavit of merit claimed some defenses but failed to recite facts in support of those defenses, and that defendant did not show good cause for his failure to answer. Consequently, defendant's motion to set aside the default was denied, and a default judgment against defendant was entered on August 21, 1989.

Defendant claims in this appeal that the trial court abused its discretion in refusing to set aside the default because he was not provided notice of plaintiff's request for judgment as required by MCR 2.603(B)(1)(b) and because he showed good cause as required by MCR 2.603(D)(1). We disagree.

The decision to set aside a default is left to the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Yenglin v Mazur*, 121 Mich App 218, 221; 328 NW2d 624 (1982). According to the court rule, a "motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1).

Good cause sufficient to warrant setting aside a default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. *Glasner v Griffin*, 102 Mich App 445, 448; 301 NW2d 889 (1980). Manifest injustice would result if a default was not set aside where the plaintiff failed to state a claim

upon which relief can be granted, because a complaint that fails to state a cause of action cannot support a judgment. *Hunley v Phillips,* 164 Mich App 517, 523; 417 NW2d 485 (1987).

With respect to defendant's first issue, we find no defect or irregularity in the proceedings that would entitle defendant to have the default set aside. Although we agree that under MCR 2.603(B)(1)(b) notice "must be served at least 7 days before entry of the requested judgment," it appears from our review of the record that defendant was properly served with notice.

With regard to defendant's second issue, we cannot agree that plaintiff failed to state a cause of action because defendant did not owe plaintiff a legal duty of care. The elements of an action for negligence are (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damage. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). Duty is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Id.* at 438-439. Where there is no legal duty, no actionable negligence exists. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926).

The question of duty is one of law and for the court to decide. *Moning, supra* at 436-437; *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984). The court must "determine, as a matter of law, what characteristics must be present for a relationship to give rise to a duty the breach of which may result in tort liability. It is for the jury to determine whether the facts in evidence establish the elements of that relationship." *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 714; 303 NW2d 702 (1981). The court must also determine

"what evidence is minimally necessary to establish the elements of a relationship on which tort liability may be premised." *Id.* at 715.

Historically, it has been a rule of common law that there is no duty to render assistance to another in the absence of a special relationship. *Schenk v Mercury Marine Division, Lowe Industries,* 155 Mich App 20, 25; 399 NW2d 428 (1986). However, the law does impose an "obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies." *Sweet v Ringwelski,* 362 Mich 138, 143; 106 NW2d 742 (1961), quoting from *Hart v Ludwig,* 347 Mich 559, 564; 79 NW2d 895 (1956).

Under the Good Samaritan doctrine, "[o]ne who undertakes . . . to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care." 2 Restatement Torts, 2d, § 324A, p 142; *Roberson v United States,* 382 F2d 714, 718 (CA 9, 1967). The Good Samaritan has entered into a relationship that is attended with responsibility. Prosser & Keeton, Torts (5th ed), § 56, p 378.

In *Sweet, supra,* a ten-year-old girl was injured when she crossed in front of a truck after the driver had waved her on. In that case, our Supreme Court recognized the special relationship that can arise between a person in difficulty and a motorist that gratuitously offers assistance. *Id.* at 143. The *Sweet* Court also decided that the intended meaning of the wave and "the thought that it might reasonably have been anticipated would be conveyed thereby to the 10-year-old girl" were questions of fact for the jury to resolve. *Id.* at 144.

But see *Peka v Boose,* 172 Mich App 139; 431 NW2d 399 (1988).

In this case, we believe that plaintiff has shown the elements of a relationship on which tort liability may be premised. The facts demonstrate that the defendant, acting as a Good Samaritan, intervened in an attempt to render assistance to another. Because of this attempt, the law imposes an obligation on the defendant to exercise reasonable care. Furthermore, we are convinced that the question whether, by his hand motion, defendant was signaling his intention to waive his right of way or was signaling that all was clear ahead is a factual issue for the jury to resolve.

Consequently, because plaintiff has pleaded a cause of action in negligence, manifest injustice did not result when the trial court denied defendant's motion to set aside the default judgment.

Affirmed.