# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL SUTTER and SHERYL SUTTER,

Plaintiffs-Appellees,

v

OCWEN LOAN SERVICING, LLC,

Defendant-Appellant.

UNPUBLISHED
May 24, 2016

No. 320704
Ingham Circuit Court
LC No. 13-000642-CZ

## ON REMAND

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

This case returns to us on order of our Supreme Court, which, in lieu of granting leave to appeal, vacated our prior judgment in the case and remanded the case to this Court "to reconsider whether the plaintiffs' complaint stated a legally cognizable claim of statutory conversion under MCL 600.2919a(1)(a)."[1] On further consideration of the issue, we again conclude that plaintiffs' complaint stated legally cognizable claims regarding common-law conversion, declaratory relief, and injunctive relief, but failed to state a legally cognizable claim of statutory conversion. We further conclude that the trial court did not err in denying defendant's motion to set aside the default or in denying defendant's motion for relief from judgment. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. SUFFICIENCY OF THE COMPLAINT

On further consideration of the issue, we again conclude that plaintiffs pleaded legally cognizable claims regarding common-law conversion, declaratory relief, and injunctive relief, but plaintiffs failed to plead a legally cognizable claim of statutory conversion.

"We review for an abuse of discretion a trial court's decision on a motion to set aside a default and whether to grant a default judgment." *Huntington Nat'l Bank v Ristich*, 292 Mich

---

[1] *Sutter v Ocwen Loan Servicing, LLC*, 499 Mich 874 (2016).

-1-

App 376, 383; 808 NW2d 511 (2011). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Id*.

In determining whether the trial court properly denied defendant's motion to set aside the default, we first consider whether plaintiffs pleaded legally cognizable claims in their complaint. "It is an established principle of Michigan law that a default settles the question of liability as to *well-pleaded allegations* and precludes the defaulting party from litigating that issue." *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 578; 321 NW2d 653 (1982) (emphasis added). "The entry of a default does not operate as an admission that the complaint states a cause of action." *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc*, 111 Mich App 16, 22; 314 NW2d 512 (1981). "Manifest injustice would result if a default was not set aside where the plaintiff failed to state a claim upon which relief can be granted, because a complaint that fails to state a cause of action cannot support a judgment." *Lindsley v Burke*, 189 Mich App 700, 702-703; 474 NW2d 158 (1991).

The complaint must state sufficient facts to put the defendant on notice of the claims against which it must defend. *Kincaid v Cardwell*, 300 Mich App 513, 529; 834 NW2d 122 (2013). MCR 2.111(B)(1) provides that a complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" The Michigan Supreme Court has adopted the following principles in determining whether a pleading is sufficient:

> The plaintiff's declaration or complaint should contain a direct and positive averment of all the ultimate facts, as distinguished from evidentiary facts, necessary to state a cause of action in the plaintiff's favor and against the defendant, followed by a demand or prayer for the relief to which the plaintiff claims to be entitled. The probative facts necessary to prove such ultimate facts should not be pleaded. Neither is it necessary for him to plead facts of which the court takes judicial notice, and consequently, he is not required to plead a public statute, when his cause of action is based thereon, although when his action is based upon a private statute or a municipal ordinance or the law of another state, such laws and ordinances must be pleaded as any other fact. The facts making up the cause of action should be set forth in their logical order, in ordinary and concise language, but with the requisite degree of certainty required by general rules of pleading. *Every material fact essential to the existence of the plaintiff's cause of action, and which he must prove to sustain his right of recovery, must be averred, in order to let in proof thereof.* Every issue must be founded upon some certain point, so that the parties may come prepared with their evidence and not be taken by surprise, and the jury may not be misled by the introduction of various matters.

> Notwithstanding changes that have been introduced by modern systems of pleading, it still remains the duty of the plaintiff to state his cause of action in his declaration, complaint, or petition, and the right of the defendant to be apprised thereby of the facts which are believed to constitute the plaintiff's cause of action. The plaintiff's allegation must be such, if proved as laid, as to show as a matter of

law the essential elements of a cause of action in his favor, and a cause of action should be so stated that the court may determine its character as *ex contractu* or *ex delicto*, although it is not necessary for the plaintiff in so many words to state the character of his action as *ex delicto* or *ex contractu*. On the other hand, a pleading properly drawn should contain no further allegations than thus indicated. It is not required that the plaintiff aver any fact which is not necessary to his right. He is not required to state the circumstances tending to prove the facts alleged,—the character of the evidence upon which he intends to rely,—or to anticipate matters of defense which the defendant may possibly set up. In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense. [*Steed v Covey*, 355 Mich 504, 510-511; 94 NW2d 864 (1959) (emphasis added), quoting 41 Am Jur, Pleading, § 77, pp 343-345 (quotation marks omitted).]

## A. CONVERSION CLAIMS

Conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015) (citations and quotation marks omitted). Conversion may occur when there is a temporary deprivation of personal property, such as when the plaintiff's property is restored to him. *Pamar Enterprises, Inc v Huntington Banks of Mich*, 228 Mich App 727, 734; 580 NW2d 11 (1998). A check is the personal property of the designated payee. *Id*. Under MCL 440.3110(4), "an instrument made payable to two or more persons not alternatively, is payable to all of them and may be negotiated, discharged, or enforced *only by all of them*." *Id*. at 733 (emphasis added). A check may be the subject of a conversion. See *id*. at 734. MCL 440.3420 provides, in part:

(1) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (*i*) the issuer or acceptor of the instrument or (*ii*) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

(2) In an action under subsection (1), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.

We again conclude that plaintiffs' complaint stated a legally cognizable claim of common-law conversion. According to plaintiffs' complaint, defendant was assigned a forged mortgage on plaintiffs' property. Defendant obtained a homeowner's insurance policy on the property pursuant to the mortgage. A wind storm caused significant damage to plaintiffs' property, and plaintiffs filed a claim for damages with the insurance company. Meanwhile, plaintiffs informed defendant that the United States Court of Appeals for the Sixth Circuit

determined that the mortgage was void *ab initio*. The insurer subsequently issued a check for $16,860.68, made payable to defendant, plaintiffs, and plaintiffs' attorneys. The insurance company mailed the check to defendant and informed plaintiffs that they needed to contact defendant to arrange the distribution of the funds. Plaintiffs' attorneys contacted defendant to locate the payment and arrange to distribute the funds, but defendant failed to tell plaintiffs the location of the check or arrange to distribute the proceeds. Plaintiffs alleged that defendant did not have an insurable interest in the property because the mortgage was void *ab initio*.

Plaintiffs alleged that (1) they are entitled to the $16,860.68, minus the $695 insurance premium, (2) defendant was not a holder in due course because defendant received notice of plaintiffs' claim before the check was issued, (3) defendant "converted and/or attempted to convert" the check "contrary to MCL 600.2919a(1) and MCL 440.3420(1)" because defendant "wrongfully refused and failed to transfer possession of the American Security Insurance Company check to the Plaintiffs" and (4) defendant's conduct caused plaintiffs to incur damages of $16,860.68, minus the $695 insurance premium. Plaintiffs requested that defendant endorse and transfer the check, and that the court award plaintiffs treble damages, prejudgment and postjudgment interest, and attorney fees and costs.

A party that obtains a forged instrument does not have a right or interest in the property, even if the party obtained the forged instrument in good faith. See *Special Prop VI, LLC v Woodruff*, 273 Mich App 586, 591; 730 NW2d 753 (2007) (" '[W]here a deed is forged, those innocently acquiring interests under the forged deed are in no better position as to title than if they had purchased with notice.' ") (citation omitted). Thus, according to plaintiffs' complaint, defendant did not have an interest in the property because the mortgage was void *ab initio*. One must have an insurable interest before he can insure property. See *Agricultural Ins Co v Montague*, 38 Mich 548, 551 (1878). Accordingly, plaintiffs' complaint sufficiently alleged that defendant did not have an insurable interest in the property.

Although plaintiffs alleged that defendant was a designated payee of the check, once defendant was informed that it had no interest in the property, it had clear proof that it was not entitled to the check. At this point, defendant was required to endorse the check and send the check to plaintiffs. Plaintiffs sufficiently pleaded a claim of common-law conversion in their complaint because the complaint alleged that defendant withheld the $16,860.68 check from plaintiffs after it learned that the mortgage was found to be void *ab initio* and after plaintiffs demanded the check. Although it is unclear from the complaint what defendant did with the check after receiving it, the complaint sufficiently alleged that defendant wrongfully withheld the check and refused to give it to plaintiffs on demand. Therefore, plaintiffs' complaint sufficiently pleaded a claim of common-law conversion. See MCL 440.3420(1); *Aroma Wines*, 497 Mich at 346.

However, after reviewing the allegations contained in the complaint, we again conclude that plaintiffs failed to plead a legally cognizable claim of statutory conversion. MCL 600.2919a, the statutory conversion statute, provides:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

-4-

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

"Conversion 'to the other person's own use' requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines*, 497 Mich at 358-359.

Plaintiffs alleged that defendant received the insurance check, "failed and otherwise refused to notify the Plaintiffs and/or their attorneys as to the location of the insurance payment," and "failed to make arrangements for the distribution of the insurance check's proceeds." However, plaintiffs did not assert that defendant employed the check for some purpose personal to defendant's interests. Instead, plaintiffs merely alleged that defendant converted or attempted to convert the check contrary to MCL 600.2919a(1) and MCL 440.3420(1) when defendant "wrongfully refused and failed to transfer possession" of the check. The complaint did not contain any allegation regarding the fact that defendant converted the check for its own use. Accordingly, we again conclude that plaintiffs failed to include allegations in their complaint necessary to reasonably inform defendant of the nature of the statutory conversion claim. See MCR 2.111(B)(1). Therefore, plaintiffs' complaint stated a legally cognizable claim of common-law conversion, but did not state a legally cognizable claim of statutory conversion.

## B. DECLARATORY AND INJUNCTIVE RELIEF

We again conclude that plaintiffs were entitled to the declaratory and injunctive relief that they sought in their complaint based on the allegations in the complaint. With regard to their claim for declaratory relief, plaintiffs explained, as discussed above, that the mortgage assigned to defendant was forged and that the United States Court of Appeals for the Sixth Circuit found the mortgage to be void *ab initio*. Plaintiffs alleged that defendant did not have an insurable interest in the property and that, consequently, it was not entitled to any of the insurance proceeds. Plaintiffs further alleged that they were entitled to the insurance proceeds, but that defendant refused to notify plaintiffs or their attorneys regarding the location of the check or arrange for the distribution of the proceeds. Plaintiffs requested that the court declare that plaintiffs are entitled to the proceeds of the insurance payment, minus the $695 insurance premium, and declare that plaintiffs are entitled to the proceeds of the second insurance payment that will be made once the repairs are made to the property. Plaintiffs cited MCR 2.605, which provides, in part, "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." MCR 2.605(A)(1).

Plaintiffs also sought an injunction, pursuant to MCR 3.310, compelling defendant to release the insurance payment. The factors for determining whether a preliminary injunction is warranted include:

(1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Davis v Detroit Fin Review Team*, 296 Mich App 568, 613; 821 NW2d 896 (2012) (citations and quotation marks omitted).]

With regard to a permanent injunction, this Court weights several factors in determining whether the trial court properly issued a permanent injunction, including:

(a) the nature of the interest to be protected, (b) the relative adequacy to the plaintiff of injunction and of other remedies, (c) any unreasonable delay by the plaintiff in bringing suit, (d) any related misconduct on the part of the plaintiff, (e) the relative hardship likely to result to defendant if an injunction is granted and to plaintiff if it is denied, (f) the interests of third persons and of the public, and (g) the practicability of framing and enforcing the order or judgment. [*Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014) (citation and quotation marks omitted).]

"Courts balance the benefit of an injunction to a requesting plaintiff against the damage and inconvenience to the defendant, and will grant an injunction if doing so is most consistent with justice and equity." *Id*. at 274-275.

Plaintiffs requested that the court "effectuate and enforce the Court's determination that the Plaintiffs are entitled to receive all of the proceeds of the insurance payment and the payment to be made after the repairs to the Plaintiffs' home have been completed." Plaintiffs incorporated their allegations with regard to their claim for declaratory relief. Plaintiffs asserted that they suffered and will continue to suffer irreparable harm because their home was severely damaged by the wind storm, their home was still in disrepair, and plaintiffs did not have the ability to pay for the repairs. Plaintiffs asserted that they were worried about the structural integrity of the home and their well-being in the home. Thus, plaintiffs requested that the court "[p]reliminarily and permanently enjoin the Defendant and compel it to release the insurance check to the Plaintiffs." The court entered a default judgment declaring, in part, that plaintiffs were entitled to the $16,860.68 check, subtracting the $695 premium payment that defendant made, as well as an additional insurance payment of $4,482.69 once repairs were made on the property. We agree with the trial court that plaintiffs were entitled to declaratory and injunctive relief based on the allegations in their complaint. Therefore, we conclude that plaintiffs pleaded legally cognizable claims for declaratory and injunctive relief with regard to the check and the future payment of $4,482.69.

## II. ATTORNEY FEES

Plaintiffs were not entitled to attorney fees because the complaint did not plead a legally cognizable claim of statutory conversion. We review for an abuse of discretion the trial court's decision to award attorney fees. *Great Lakes Shores, Inc v Bartley*, 311 Mich App 252, 254; 874 NW2d 416 (2015). "As a general rule, attorney fees are not recoverable from a losing party unless authorized by a statute, court rule, or other recognized exception." *Id*. at 255. Because we conclude that plaintiffs failed to sufficiently plead a claim of statutory conversion, we again conclude that plaintiffs were not entitled to attorney fees pursuant to MCL 600.2919a(1). Plaintiffs do not cite to another statute, court rule, or recognized exception that would permit them to recover attorney fees. Accordingly, we reverse the trial court's award of attorney fees.

## III. MOTION TO SET ASIDE DEFAULT

We further conclude that the court did not err in denying defendant's motion to set aside the default because defendant failed to establish good cause and a meritorious defense. MCR 2.603(D) provides:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.
>
> (2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed
>
> (a) before entry of a default judgment, or
>
> (b) if a default judgment has been entered, within 21 days after the default judgment was entered.
>
> (3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.
>
> (4) An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default or default judgment, except as prescribed in MCR 2.625(D). The order may also impose other conditions the court deems proper, including a reasonable attorney fee.

MCR 2.603(D)(1) requires a showing of good cause and the filing of an affidavit showing a meritorious defense. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). " 'The good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment.' " *Bullington v Corbell*, 293 Mich App 549, 560-561; 809 NW2d 657 (2011) (citations omitted). "[M]anifest injustice is the result that would occur if a default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements of the court rule." *Alken-Ziegler*, 461 Mich at 233. "[I]f

a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Id*. at 233-234.

This Court has clarified that the decision on this issue should be based on the totality of the circumstances. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 237; 760 NW2d 674 (2008). This Court listed several factors for the trial court to consider with regard to good cause, including "whether the party completely failed to respond or simply missed the deadline to file;" "if the party simply missed the deadline to file, how long after the deadline the filing occurred;" "the duration between entry of the default judgment and the filing of the motion to set aside the judgment;" "whether there was defective process or notice;" "the circumstances behind the failure to file or file timely;" "whether the failure was knowing or intentional;" "the size of the judgment and the amount of costs due under MCR 2.603(D)(4);" "whether the default judgment results in an ongoing liability (as with paternity or child support);" and "if an insurer is involved, whether internal policies of the company were followed." *Id*. at 238. With regard to a meritorious defense, the trial court should consider whether the affidavit includes evidence that "the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;" "a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8);" or "the plaintiff's claim rests on evidence that is inadmissible." *Id*. The court is only required to consider the relevant factors, and the court has the discretion to determine the weight of any particular factor. *Id*. at 239. The list of factors is not exclusive. *Id*.

Defendant failed to show good cause to set aside the default. Defendant contended that there was good cause to set aside the default because it requested that its prior counsel, which represented defendant in other matters related to plaintiffs, defend it in this case. However, defendant learned that its prior counsel failed to respond to the complaint, and defendant immediately retained different counsel. Defendant's current counsel immediately sent the check to plaintiffs, without endorsing the check, and requested that default be set aside. Defendant argued that the issue regarding its counsel constituted a minor error that did not warrant entry of default. Defendant also pointed out that it retained counsel to represent it in the case three days after entry of the default.

However, we conclude that defense counsel's failure to respond to the complaint did not constitute a reasonable excuse for failure to comply with the requirements that led to default. An attorney's negligence is generally attributable to his client. *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 96; 666 NW2d 623 (2003). Defendant failed to respond to the complaint, and we agree with the trial court that the failure to do so because of the confusion regarding which attorneys represented defendant did not constitute a minor error that would give rise to a reasonable excuse for failure to respond. Defendant did not argue in its motion to set aside the default that there was another reasonable excuse for its failure to comply with the requirements leading to default or that there was a procedural irregularity giving rise to good cause to set aside the default. Therefore, defendant failed to establish good cause to set aside the default. See MCR 2.603(D)(1); *Bullington*, 293 Mich App at 560-561.

Furthermore, defendant did not establish a meritorious defense. Defendant contended that it had a meritorious defense to the complaint because it was the named insured under the policy, and plaintiffs were the additional insureds. Defendant contended that plaintiffs did not

make loan payments or pay real estate taxes over the past several years. Defendant further argued that it obtained property insurance and that it had the power to act for plaintiffs with regard to the insurance coverage. Therefore, defendant was entitled to the check. The injunction claim was rendered moot because defendant forwarded the check to plaintiffs. With regard to plaintiffs' conversion claim, defendant argued that the conversion claim was conclusory. Furthermore, plaintiffs could not establish conversion because defendant was a payee on the check, and defendant procured the insurance.

Defendant included an affidavit of its national managing counsel, stating that defendant did not endorse, cash, or deposit the check. Instead, defendant forwarded the complaint to its prior counsel with the expectation that prior counsel would defend it in this case. However, defendant learned that its prior counsel did not respond to the complaint, and defendant retained its current counsel to defend it in the case. Defendant's current counsel sent the check through overnight mail to plaintiffs' counsel. The affidavit stated that defendant had a meritorious defense because plaintiffs failed to state a claim for relief.

Defendant failed to show a meritorious defense to plaintiffs' claims. As discussed above, defendant was not entitled to the insurance proceeds because there was no valid mortgage on the property. Furthermore, the affidavit merely stated, "Ocwen has a meritorious defense because Plaintiffs' Complaint generally fails to conform to minimum pleadings requirements and each individual count fails to state a claim for relief as more fully detailed in Ocwen's accompanying Motion to Set Aside the Default." The statement in the affidavit was conclusory and, as noted above, plaintiffs pleaded sufficient claims regarding common-law conversion, declaratory relief, and injunctive relief in their complaint. Accordingly, the trial court properly denied the motion to set aside the default because defendant failed to establish good cause or a meritorious defense. See MCR 2.603(D)(1).

## IV. MOTION FOR RELIEF FROM JUDGMENT

The trial court also properly denied defendant's motion for relief from judgment. Defendant filed a motion for relief from judgment under MCR 2.611 and MCR 2.612. We review for an abuse of discretion a trial court's decision on a motion to set aside a judgment. *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). "A court abuses its discretion when its decision is outside the range of principled outcomes." *Id.* (citation and quotation marks omitted).

MCR 2.611(A)(1) provides, in part:

A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

* * *

(e) A verdict or decision against the great weight of the evidence or contrary to law.

* * *

-9-

(g) Error of law occurring in the proceedings, or mistake of fact by the court.

MCR 2.612(C)(1) provides, in part:

On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(f) Any other reason justifying relief from the operation of the judgment.

Defendant requested relief from judgment, contending that it could not convert an unendorsed and uncashed check. Defendant pointed out that it did not endorse the check. Defendant argued that it was a payee and that it did not convert the funds for its own use because it did not endorse the check. It further contended that good cause existed to set aside the default because venue was improper in Ingham County. Defendant contended that plaintiffs were residents of Lapeer County, and because conversion is an intentional tort, the lawsuit should have been filed in Lapeer County. Finally, it contended that the court improperly entered default judgment without considering the merits of plaintiffs' claims or evidence regarding damages.

As discussed above, plaintiffs failed to state a legally cognizable claim of statutory conversion. Thus, we agree with defendant that the trial court erred in awarding treble damages and attorney fees. However, for the reasons discussed above, we conclude that the trial court did not err in otherwise denying defendant's request for relief from judgment because plaintiffs' complaint stated legally cognizable claims for common-law conversion, injunctive relief, and declaratory relief, and defendant failed to establish good cause and a meritorious defense for setting aside the default.

In its motion for relief from judgment, defendant raised for the first time the issue whether venue was proper. The trial court determined that defendant waived this issue by failing to raise it earlier. MCR 2.221(A) provides that a motion for a change of venue must be filed either before or at the time that the defendant files an answer. Defendant did not file a motion for a change of venue or an answer to plaintiffs' complaint. Therefore, the trial court did not err in ruling that defendant waived the issue. In addition, the court properly concluded that the venue issue was an insufficient basis to set aside the default judgment. MCL 600.1645 provides, "No order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue." Therefore, even assuming that venue was improper, the default judgment was not void or voidable merely because the case was filed in the wrong venue. See *id*.

## V. CONCLUSION

We affirm the trial court's grant of declaratory and injunctive relief to plaintiffs, as well as its determination that plaintiffs are entitled to recover the check, less the insurance premium, under a theory of common-law conversion, but we reverse the entry of default judgment on the issue of statutory conversion and the award of treble damages pursuant to MCL 600.2919a(1).

Finally, we reverse the award of attorney fees under MCL 600.2919a(1). We remand the case to the trial court for modification of the judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full. See MCR 7.219(A).

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray