PEKA v BOOSE

Docket No. 95735. Submitted November 5, 1987, at Lansing. Decided
May 25, 1988. Leave to appeal denied, 431 Mich 899.

Ernest Peka brought a negligence action in Lapeer Circuit Court
for injuries suffered in an automobile accident, naming as
defendants, Kellie Sue Boose, driver of the automobile which
plaintiff struck, Richard and Jeanne Boose, owners of the
automobile driven by Kellie Sue Boose, and Vivian Bottger,
driver of the automobile which was located in an adjacent lane.
Plaintiff's theory of recovery against Bottger was that she had
been a proximate cause of the accident by reason of the fact
that she had signaled to Kellie Sue Boose that Boose, who was
coming from the opposite direction, could make a left-hand
turn in front of Bottger and that as Boose was making that
turn she pulled into the path of plaintiff who was traveling in
the curb lane to the right of the Bottger vehicle. Plaintiff
alleged that Bottger owed a duty of care to him to ascertain
whether there was any approaching traffic before she signaled
to Boose and that Bottger had breached that duty. Bottger
moved for summary disposition. The trial court, Martin E.
Clements, J., granted the motion, holding that Bottger owed no
duty of care to ascertain whether there was any approaching
traffic before signaling to Boose that she might turn in front of
Bottger's vehicle. Plaintiff appealed.

The Court of Appeals held:

The trial court properly granted summary disposition in
favor of defendant Bottger, since she assumed no duty to warn
defendant Boose of the approach of plaintiff's vehicle when she
indicated that Boose could turn in front of her vehicle. Accord-
ingly, she owed no duty with respect to the giving of the signal
to Boose which would run in favor of plaintiff. Since, as a
matter of law, defendant Bottger owed no duty of care to

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 414 et seq., 816 et
seq.

Duty and liability as to signaling driver approaching from opposite
direction or on intersecting highway to pass or proceed. 90
ALR2d 1431.

plaintiff under these circumstances, it was not error to refuse to permit plaintiff to amend his complaint, since any amendment to the complaint would have been futile.

Affirmed.

J. A. GILLIS, J., did not participate.

AUTOMOBILES — NEGLIGENCE — DUTY OF CARE.

A driver of an automobile who, under circumstances where there are no unusual obstacles or obstructions, signifies by a hand signal to another driver that the other driver may cross in front of the signaling driver's automobile does not by such signaling undertake a duty to ascertain and warn the driver of the other automobile of the approach of other traffic.

*Robert F. White,* for plaintiff.

*Gromek, Bendure & Thomas* (by *John A. Lydick),* for Vivian Bottger.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary disposition in favor of defendant Vivian Bottger. The trial court held that plaintiff's complaint in negligence failed to state a claim upon which relief could be granted. MCR 2.116(C)(8). We affirm.

The facts are not in dispute. On May 14, 1985, at approximately 2:53 P.M., defendant Bottger was stopped in a vehicle in the inside northbound lane of Main Street at the intersection of Main Street and Turrill Avenue in Lapeer. Defendant Kellie Sue Boose was stopped in a vehicle in the left turn lane of southbound Main Street at the Turrill intersection. Plaintiff was driving a vehicle in the outside northbound lane of Main Street. Defendant Bottger motioned for defendant Boose to turn left onto Turrill. As defendant Boose's car was turning

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

across the northbound lanes of Main Street on to Turrill, it was struck by plaintiff's vehicle. Plaintiff was injured and sued defendants for negligence.

The trial court granted defendant Bottger's motion for summary disposition after finding that defendant owed no legal duty to plaintiff and her actions were not the proximate cause of plaintiff's injuries.

In a negligence action, the court assesses competing policy considerations and determines as a matter of law whether the defendant owes an actionable legal duty to the plaintiff. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981).

In *Rodriquez v Detroit Sportmen's Congress,* 159 Mich App 265, 270-271; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987), we discussed the element of duty:

> The determination of whether a legal duty exists is a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently injured person. Further, a legal duty is essentially an obligation recognized by law which requires an actor to conform to a certain standard of conduct for the protection of others against unreasonable risk. Thus, the determination of whether a duty should be recognized in any individual case is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties. The element of duty in a negligence action is a question of law for the court to decide.

Plaintiff relies heavily on *Sweet v Ringwelski,* 362 Mich 138; 106 NW2d 742; 90 ALR2d 1434 (1961), in support of his position. There, our Supreme Court held that the trial court should not

have granted a directed verdict in favor of defendant truck driver on the ground of no showing of negligence. Defendant truck driver had stopped his truck and waved for the ten-year-old plaintiff pedestrian to cross the street on the crosswalk in front of him. Plaintiff continued crossing the street into the lane next to the truck and was struck by a car driven by defendant motorist. The Court's decision was based on the facts that plaintiff was a ten-year-old girl, that her vision of defendant motorist's car may have been obscured by defendant truck driver's truck, and that plaintiff testified that she proceeded to the point of impact because she relied on what she considered to be directions from an adult. *Sweet, supra,* p 144. The Court held that there were questions of fact for the jury with respect to the intended meaning of defendant truck driver's hand signal, the meaning that the signal might reasonably have been anticipated to convey to the ten-year-old plaintiff, and whether the signal was a proximate cause of the injuries. *Sweet, supra,* pp 144-145.

Defendant Bottger admits that *Sweet* is the Michigan case that comes closest to being on point. However, Bottger points out that other states' courts that have considered the similar issue of a signaling driver's liability to another driver approaching an intersection from the opposite direction have decided in favor of her position. See Anno., *Duty and liability as to signaling driver approaching from opposite direction or on intersecting highway to pass or proceed,* 90 ALR2d 1431.

The trial court quoted *Sweet* at length in its opinion and distinguished it by saying that defendant Boose was an adult motorist, not a ten-year-old pedestrian who arguably would rely on an adult's directions.

We agree that *Sweet* is easily distinguishable and should be limited to the facts of that case. Since all participants herein were motorists driving in ordinary circumstances (i.e., no unusual obstacles or obstructions), defendant Bottger assumed no duty to plaintiff to warn defendant Boose of plaintiff's approaching vehicle. We find as a matter of law that defendant Bottger's hand motion signified nothing more than permission to cross in front of her car and could not be relied upon as assurance that all was clear ahead.

Plaintiff also argues that the trial court committed error requiring reversal by denying plaintiff's motion to amend his complaint except to correct certain clerical errors. This issue is without merit.

The facts in this case are fairly clear and undisputed. The court determined that defendant Bottger's actions would not support liability as a matter of law when it granted her motion for summary disposition pursuant to MCR 2.116(C)(8). Plaintiff did not propose any new factual scenario or theory of liability at the hearing on this motion in the lower court, nor has he done so on appeal. Allowing plaintiff to amend his complaint with regard to the cause of action against defendant Bottger would have been futile. The court properly exercised its discretion by limiting plaintiff's amendment of his complaint to the correction of typographical errors.

Affirmed.

J. A. GILLIS, J., did not participate.