JANET L. DIAZ *et al.,* Plaintiffs-Appellants, v. GRACE KROB *et al.,* Defendants-Appellees.

Third District    No. 3—93—0852

Opinion filed June 30, 1994.

Lawrence R. Surinak, of Lawrence R. Surinak & Associates, of Joliet, for appellants.

Gary S. Mueller and James B. Harvey, both of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, Janet L. Diaz and Jaime Diaz, filed this lawsuit against the defendants, Grace Krob (school bus driver) and Joliet Township High School District No. 204, for damages and loss of consortium from injuries Janet allegedly sustained when she was struck by an automobile after the school bus driver motioned for her to cross a street. The trial court dismissed the complaint finding that the defendants did not owe the plaintiffs a duty as a matter of law. We affirm.

The accident happened when Janet attempted to cross Collins Street, in Joliet, Illinois. The complaint alleged that as she proceeded west within the cross-walk, the "Don't Walk" warning sign activated. Thus, she stopped at the median dividing traffic on the street. At that point, the school bus driver, who was stopped immediately to the north of the crosswalk at the red light, motioned or waved to the plaintiff to continue walking across the street in front of the bus.

The complaint further alleged that the bus driver knew or should have known that the bus prevented the plaintiff from seeing traffic proceeding south on Collins Street in the lane nearest the curb. The complaint also alleged that as a proximate result of the bus driver's negligence in gesturing to the plaintiff to continue walking across the street the plaintiff suffered an injury when she was struck by a vehicle.

In response to these allegations, the defendants filed a motion to dismiss pursuant to section 2—615 of the Civil Practice Law (735 ILCS 5/2—615 (West 1992)) alleging that the plaintiffs failed to allege sufficient facts to give rise to a duty. The trial court agreed with the defendants and dismissed the complaint.

A motion to dismiss under section 2—615 admits all well-pleaded facts in the complaint for purposes of the motion. (*Sisk v. Williamson County* (1994), 261 Ill. App. 3d 49, 632 N.E.2d 672.) A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 499 N.E.2d 1319.

■ One of the necessary elements of a negligence cause of action is the existence of a duty which requires a person to conform to a certain standard of conduct for the purpose of protecting the plaintiff from an unreasonable risk of harm. (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 523 N.E.2d 594; *Mitchell v. City of Chicago* (1991), 221 Ill. App. 3d 1017, 583 N.E.2d 60.) It is not sufficient that the plaintiff's complaint merely alleges that a duty exists; the plaintiff must state facts from which the law will raise a duty. (*Swett*, 169 Ill. App. 3d 78, 523 N.E.2d 594.) Factors relevant in determining whether a duty exists include: the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, the consequence of placing that burden on the defendant, and the possible seriousness of the injury. (*Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239.) Whether a duty exists is a question of law to be determined by the court. *Mitchell*, 221 Ill. App. 3d 1017, 583 N.E.2d 60.

The parties assert that the issue of whether a duty exists under the circumstances of this case is one of first impression in Illinois. The parties cite various out-of-State rulings in support of their respective positions. See *Sweet v. Ringwelski* (1961), 362 Mich. 138, 106 N.W.2d 742; *Peka v. Boose* (1988), 172 Mich. App. 139, 431 N.W.2d 399; *Valdez v. Bernard* (1986), 506 N.Y.S.2d 363, 123 A.D.2d 351.

In *Sweet*, the Michigan Supreme Court held that the trial court should not have granted a directed verdict in favor of the defendant truck driver on the ground of no showing of negligence. The defendant truck driver had stopped his truck and waved for the 10-year-old plaintiff pedestrian to cross the street on the crosswalk in front of him. The plaintiff continued crossing the street into the lane next to the truck and was struck by a car. The court's decision was based on the fact that the plaintiff was only 10 years old, that her vision may have been obscured by the defendant's truck, and that she relied on what she considered to be directions from an adult.

In *Peka*, the defendant motioned for a southbound motorist to make a left turn. The southbound motorist followed the defendant's signal and struck the plaintiff's vehicle. The Michigan Appellate Court found that the signaling motorist owed no duty to the plaintiff.

The court found that *Sweet* was easily distinguishable on the basis that it involved a 10-year-old child who relied on the directions of an adult. The court found that the *Sweet* case should be limited to its facts.

In *Valdez*, the plaintiff was injured when she crossed a street after a bus driver had motioned for her to do so. The New York court noted that under certain circumstances, a driver of a motor vehicle may be liable to a pedestrian where that driver undertakes to direct a pedestrian safely across the road in front of his vehicle and negligently carries out that duty. The court found, however, that the bus driver was not the proximate cause of the plaintiff's injury where the plaintiff interpreted the bus driver's wave to mean only that he would not move the bus while the plaintiff passed in front of it.

■ Applying the above-mentioned principles and case law, we hold that the trial court correctly found as a matter of law that the defendants did not owe the plaintiffs a duty under the facts of this case. Unlike the cases cited by the parties, the crosswalk at the intersection in question was controlled by a "Don't Walk" signal. Nonetheless, the instant plaintiff chose to ignore it and proceed across the remainder of the intersection. Unlike *Sweet*, the plaintiff was not a youngster who relied on the directions of an adult. While we agree that *Sweet* is good law, we do not go as far as *Valdez*, where it is implied that a duty would exist if the plaintiff interpreted the bus driver's gesture as something more than an indication that the driver would not move the bus until the plaintiff passed.

We agree that an injury is foreseeable here. But whether a legal duty exists involves more than just foreseeability of possible harm; it also involves legal and social policies. (*Swett*, 169 Ill. App. 3d 78, 523 N.E.2d 594.) Here, the magnitude of guarding against the injury and the consequence of placing that burden on the defendant weigh heavily in favor of finding no duty. An adult pedestrian with no obvious impairments should be held responsible for deciding whether gestures and directions given by a motorist can be safely followed. We simply do not believe that the instant bus driver's act of common courtesy should be transformed into a tort thereby giving the plaintiff license to proceed across an intersection against a warning light and without taking any precautions of her own.

For the forgoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER, P.J., and BARRY, J., concur.