Hillsborough-northern judicial district
No. 95-236

GERARD WILLIAMS

v.

DENNIS O'BRIEN & a.

December 29, 1995

*Boutin & Solomon, P.A.*, of Londonderry (*Peter M. Solomon* on the brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Cynthia A. Satter* on the brief and orally), for defendant Brenda Trudeau.

*McDonough & O'Shaughnessy, P.A.*, of Manchester, for defendant Dennis O'Brien, filed no brief.

JOHNSON, J. In this interlocutory appeal, we must determine whether a driver who signals the operator of another motor vehicle to proceed has undertaken a duty of care to other motorists on the roadway. Absent special circumstances, no such duty exists. The mere act of signaling does not, by itself, create a duty to insure the safety of other operators on the highway. However, if the signaling driver knows or should know of special circumstances which create, or could reasonably create, a foreseeable risk of harm to third-party operators on the roadway, then a legal duty to exercise reasonable care exists. For example, if the signaler knows, or in the exercise of

reasonable care should know, that the signalee's visibility of other motorists is obstructed, then the signaler assumes a duty to exercise reasonable care in giving a signal.

Upon review of the specific facts set forth in the pleadings, we find that in this case no special circumstances were pleaded. Therefore, we affirm the decision of the Superior Court (*Arnold, J.*) granting defendant Trudeau's motion to dismiss count II of the plaintiff's writ.

This action arises out of a daytime automobile accident at the intersection of South Willow Street and Upton Street in Manchester. Upton Street runs west to east and intersects at a "T" with South Willow Street, which runs north to south. Defendant Dennis O'Brien, who had been traveling in an easterly direction on Upton Street, had stopped and was waiting to make a left-hand turn onto South Willow Street. His co-worker, defendant Brenda Trudeau, traveling northbound on South Willow Street, had stopped in the left-hand travel lane at the intersection and was waiting to make a left-hand turn onto Upton Street. Trudeau signalled to O'Brien to make the left-hand turn onto South Willow Street in a northerly direction. At the same time, the plaintiff, Gerard Williams, was traveling southbound in the outer left travel lane of South Willow Street. As O'Brien drove his vehicle onto South Willow Street, he collided with Williams' vehicle, causing it to slide on its roof into Trudeau's vehicle. As a result of the accident, Williams was severely injured. Williams sued both defendants, alleging that Trudeau undertook a duty of care to him when she signaled O'Brien to proceed, and that she breached that duty by failing to make certain that South Willow Street was clear. Trudeau moved to dismiss Williams' claim. The superior court granted the motion, concluding that Trudeau owed no duty to the plaintiff. A motion for reconsideration was denied, and the superior court subsequently approved this interlocutory appeal.

When reviewing the grant of a motion to dismiss, we must determine "whether the allegations [in the plaintiff's pleadings] are reasonably susceptible of a construction that would permit recovery." *Rounds v. Standex International*, 131 N.H. 71, 74, 550 A.2d 98, 100 (1988) (quotation omitted). A motion to dismiss must fail if the facts as pleaded by the plaintiff and all reasonable inferences drawn therefrom would constitute a basis for legal relief. *Provencal v. Vermont Mut. Ins. Co.*, 132 N.H. 742, 745, 571 A.2d 276, 278 (1990). The court "must rigorously scrutinize the complaint to determine whether, *on its face*, it asserts a cause of action. What is involved is a pre-trial, threshold inquiry that tests the facts in the complaint

against the applicable law." *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 44-45, 534 A.2d 706, 708 (1987).

Williams contends that Trudeau owed a duty to other drivers to insure that the roadway was clear when she motioned to O'Brien to make the left-hand turn. Trudeau answers that, as a matter of law, a signaling driver owes no such duty simply because she gratuitously allowed another driver to proceed. Courts that have addressed this issue are split on whether a duty of care arises when signaling other drivers. *See Kerfoot v. Waychoff*, 501 So. 2d 588, 589 (Fla. 1987). Some courts hold that a hand signal indicates only a willingness to yield the right of way and, as a matter of law, creates no duty on the part of the signaling motorist. *E.g., Devine v. Cook*, 279 P.2d 1073, 1082 (Utah 1955). Other courts hold that the meaning of a hand signal cannot be determined as a matter of law and, therefore, is properly a question for the jury. *E.g., Askew v. Zeller*, 521 A.2d 459, 462 (Pa. Super. Ct. 1987). Previously, we implicitly found a duty of care on the part of a signaling motorist in *Currier v. Grossman's of New Hampshire, Inc.*, 107 N.H. 159, 161, 219 A.2d 273, 274 (1966). There, we determined that the trial court had "stated the law accurately" when giving a jury instruction that reasonable reliance on a hand signal by another motorist would absolve the plaintiff of contributory negligence. *Id.*

■■ This is not to say, however, that all hand signals create a duty of care on the part of the signaler. In *Currier*, the defendant signaled the plaintiff to pass on the left because the plaintiff's view was obstructed by the defendant's truck. The plaintiff therefore reasonably relied on the signal as an indication that "the way ahead was clear." *Id.* at 160, 219 A.2d at 279. Where, as in the *Currier* case, the signalee's view is obstructed or there is some incidence of reasonable reliance by the signalee, the signaler has an obligation to exercise due care when "waving on" another driver. Therefore, while we find that as a matter of law signaling another driver to proceed does not create a duty of care, there is a "narrow class of cases" in which

> [i]t is possible that under certain conditions upon certain highways, such as hills or in the nighttime, a driver of a motor vehicle in signaling a car . . . might, by such a signal or conduct on the part of the driver, be responsible for an accident in which the person relying upon such signal to proceed became involved.

*Giron v. Welch*, 842 P.2d 863, 864 (Utah 1992) (quotation omitted).

In New Hampshire, absent the existence of a duty, a defendant cannot be liable for negligence, and "[w]hether a duty exists in a particular case is a question of law." *Walls v. Oxford Management Co.*, 137 N.H. 653, 656, 633 A.2d 103, 104 (1993). Williams contends that "public policy dictates that a duty to act reasonably and prudently should be adopted in cases such as this" and asks the court to recognize a negligence action against the signaling driver whenever injury results. We decline, however, to rule that in all cases as a matter of law a duty of care is imputed to the signaler. We have recognized that with respect to negligence actions, it is necessary to adopt well-defined guidelines in order to prevent the imposition of remote and unexpected liability on defendants. *See Nutter v. Frisbie Mem. Hosp.*, 124 N.H. 791, 794, 474 A.2d 584, 586 (1984). The policy considerations of avoiding both infinite liability and uncertainty in the law must be balanced against the "need to compensate those plaintiffs whose injuries derive, however remotely, from the defendant's negligence." *Id.* at 795, 584 A.2d at 586.

In a signaling case,

> the determination of whether a duty should be recognized . . . is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties.

*Peka v. Boose*, 431 N.W.2d 399, 400 (Mich. Ct. App. 1988) (quotation omitted). We find that the balance weighs in favor of the plaintiff only when a special relationship indicating heightened reliance exists or when the parties are not "driving in ordinary circumstances" or there exist other "unusual obstacles or obstructions" in the roadway (for example, passing a truck where the path ahead is obscured). *Id.* at 401; *see also Devine*, 279 P.2d at 1083. "[D]uty and foreseeability are inextricably bound together," *Manchenton v. Auto Leasing Corp.*, 135 N.H. 298, 304, 605 A.2d 208, 213 (1992) (quotation omitted), and as such a duty arises only under special circumstances where it is foreseeable that a signalee driver will not independently insure that the way is clear. Only when the signalee's view is obstructed in a situation where the signaler knew or should have known of the obstruction or there is other objective evidence of reliance can liability be imposed on the signaler.

Trudeau argues that even when a duty is found to exist, a signaling driver can only be liable to the signalee driver and not other motorists. However, we have recognized in other areas that a

defendant may be liable to third parties for a foreseeable harm resulting from the breach of a duty of care. *Cf. Elks Lodge v. Hanover Ins. Co.*, 110 N.H. 324, 326, 266 A.2d 846, 847 (1970) (third party injured by an intoxicated driver can maintain a common law action for negligence against server of alcohol); *Lenz v. Company*, 88 N.H. 212, 214, 186 A. 329, 330 (1936) (expressing disfavor for privity doctrine in personal injury cases where injury to third parties is foreseeable); *see generally* W. KEETON *et al.*, PROSSER AND KEETON ON THE LAW OF TORTS § 33, at 206-08 (5th ed. 1984) (noting that there is third-party liability for negligent misrepresentation); RESTATEMENT (SECOND) OF TORTS §§ 311(1)(b), 324A(c) (1965) (liability to third parties for negligent performance of an undertaking or negligent misrepresentation).

We affirm the superior court's order granting Trudeau's motion to dismiss. While we recognize that under narrow circumstances a duty of care may exist on the part of the signaling driver, the plaintiff's complaint fails to state any facts from which one could reasonably infer that a special circumstance existed. Williams did not allege that there were any obstructions at the intersection that the signaler knew or should have known would have obstructed O'Brien's view of Upton and South Willow streets. Although we assume the truth of the plaintiff's allegations of fact and construe all reasonable inferences therefrom in the light most favorable to the plaintiff, *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985), the pleadings on their face lacked sufficient facts upon which relief may be granted. *See Jay Edwards, Inc.*, 130 N.H. at 48, 534 A.2d at 710 (motion to dismiss granted where the plaintiff's pleadings were "bare of those essential facts that would give rise to any cognizable legal cause of action"). The superior court's order granting Trudeau's motion to dismiss was therefore appropriate.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.