King v. King                                    CV-94-140-SD  04/25/96 P
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Doug King;
Cheryl King

        v.                                       Civil No. 94-140-SD

Gregg King



                             O R D E R


     In this diversity action, plaintiffs Cheryl and Doug King,

husband and wife, seek to recover damages as a result of injuries

sustained by Cheryl King while snow-tubing on residence premises

of defendant Gregg King.

     Presently before the court are plaintiffs' motion to amend

the complaint and defendant's motion to dismiss.  Appropriate

objections and, as to the motion to amend, a reply, have been

interposed thereto.



                            Background

     Briefly stated, plaintiffs allege,[1] inter alia, that

defendant "had a duty to exercise reasonable care not to submit

_____

     [1]The court notes that a motion to amend is presently
pending, the resolution of which will be discussed infra.  As
such, the background facts are drawn from the complaint as
presently filed.

Cheryl King to an unreasonable risk of harm." Complaint ¶ 12. Plaintiffs further allege that such duty was breached because defendant negligently advised or encouraged plaintiff Cheryl King "to descend the hill on the snow tube when he was aware of the hazards present at the bottom of the hill which she knew nothing about." Id.

Plaintiffs originally filed this action on March 23, 1994, sounding in negligence and loss of consortium. The parties' pretrial statements were each filed on May 26, 1995, well in advance of the original trial date scheduled for the two-week period beginning June 20, 1995. A final pretrial conference was held on June 5, 1995, and the case was thereafter continued due to time constraints upon the court.

Upon plaintiffs' motion in limine, the court ruled that the Recreational Use Statutes set out in New Hampshire Revised Statutes Annotated (RSA) 212:34, I, and 508:14, I (Supp. 1994), did not apply to this litigation. Order of September 11, 1995, at 4. As such "the only legal duty claimed [by plaintiffs] is that one snow-tuber who, on descending a hill, encounters a hazard which separates him from his snow tube without injury, [owes a duty] to warn or prevent another snow-tuber from descending the same hill." Id. at 3-4. The court expressed "no opinion as to the existence of or scope of any such legal duty."

2

Id. at 4.

Subsequent to said order, the matter was again scheduled for trial, which was set for the two-week period beginning January 23, 1996. At the request of counsel, a further final pretrial was held on January 8, 1996. Due to personal and medical reasons attending to the respective parties, the matter was continued a second time.[2]

After discussing at some length with counsel the court's doubt as to the existence of any duty under the instant circumstances, the court suggested the parties file briefs as to the duty issue. Defendant's motion to dismiss was filed on January 27, 1996, with plaintiffs' objection following on February 16, 1996.

On February 28, 1996, plaintiffs filed a motion to amend the complaint, seeking to add a third count for negligent misrepresentation. Defendant objected to such relief on March 18, 1996.

---

[2]The court notes that a third notice of trial assignment has issued in this case, scheduling same for trial during the two-week period beginning on July 16, 1996.

<u>Discussion</u>

<u>1.  Plaintiffs' Motion to Amend, document 29</u>

By medium of the instant motion to amend, plaintiffs now seek to add as a third cause of action a claim for negligent misrepresentation.  Plaintiffs allege that "[t]he amended claims arise out of the same conduct, transaction and occurrence set forth in the plaintiffs' original pleading and the defendant is aware of the factual circumstances which form the basis of these claims."  Motion to Amend Complaint ¶ 3.  As such, plaintiffs further maintain that "[f]ailure to grant the . . . motion to amend would be unjust."  <u>Id.</u> ¶ 4.  The defendant timely objects.  Document 30.[3]

_____

[3]Despite plaintiffs' argument otherwise, <u>see</u> Replication to Defendant's Objection at 1, the March 18, 1996, filing of defendant's objection is timely under the time requirements of Local Rule 7.1(b) ("every objection . . . shall be filed within ten (10) days from the date the motion is filed") and Rules 6(a), Fed. R. Civ. P. (computation of time period does not include the day of the filing, does include the last day of the period, and "[w]hen the period of time is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation"), and 6(e), Fed. R. Civ. P. ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper upon the party <u>and the notice or paper is served upon the party by mail</u>, 3 days shall be added to the prescribed period.") (emphasis added).  Defendant, having received plaintiffs' motion to amend by mail, was thus entitled to the additional three days in computing the filing deadline for his objection, regardless of whether such objection was filed with the court by mail or in hand.  The "mail" clause only pertains to the <u>movant's</u> manner of service, not the opponent's.

4

As of this date, discovery has been closed some thirteen months and the matter has been assigned for trial, reassigned for trial, and reassigned yet again. With the exception of the motion to dismiss, all counsel agreed at the second final pretrial conference "that there are no other matters to be covered . . . ." Order of January 8, 1996, at 3.

The discretion to permit the amendment of pleadings is derived from the language of Rule 15(a), Fed. R. Civ. P.[4] Where, as here, a belated attempt is made to revise the pleadings, the court must "examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989). Although amendments to pleadings should not be denied solely because of delay and without consideration of prejudice to the opposing party, it is clear that undue delay can be a basis for denial.

---

[4]The relevant portion of such Rule provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

5

See Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979). Notably, however, "'[w]here . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay."'" Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (quoting Hayes, supra, 602 F.2d at 19-20)).

This action was originally filed some two years ago. Over the course of the intervening months, the focus of the legal claims alleged has been substantially narrowed. More significantly, trial has been set, only to be subsequently continued, two times since February 1995. Now, apparently in the face of defendant's motion to dismiss the only substantive legal claim at issue, plaintiffs seek to add an altogether new theory of liability.

Under New Hampshire law, "[a] negligent misrepresentation . . . is actionable when the representor fails to use reasonable care in ascertaining the facts." Island Shores Estates Condominium Ass'n v. City of Concord, 136 N.H. 300, 305, 615 A.2d 629, 632 (1992) (citation omitted); see also University Sys. of N.H. v. United States Gypsum Co., 756 F. Supp. 640, 650 (D.N.H. 1991) ("The essential elements of negligent misrepresentation are

6

the defendant's negligent failure to exercise care or competence in communicating information . . . [and] the plaintiff's justifiable reliance upon such information to [her] detriment") (citing, inter alia, Ingaharro v. Blanchette, 122 N.H. 54, 57, 440 A.2d 445, 447 (1982)).  However, "[n]ot all misrepresentations are actionable.  A relationship must exist between the representor and the person relying on the misrepresentation that creates a duty."  Island Shores, supra, 136 N.H. at 306, 615 A.2d at 632.

As hereinabove indicated, the court finds that the addition of the proposed new claim would require discovery into matters that were not previously part of this action, and would likely further delay these already much-delayed proceedings.  The First Circuit has left no doubt that "'[t]he further along a case is toward trial, the greater the threat of prejudice and delay when new claims are belatedly added.'"  Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir.) (quoting Rodriguez v. Banco Central Corp., 990 F.2d 7, 14 (1st Cir. 1993)), cert. denied, ___ U.S. ___, 116 S. Ct. 171 (1995).

With discovery long closed and the case twice previously set for trial, the court finds and rules that defendant would be prejudiced if plaintiffs were allowed to amend their complaint by adding the new claim which they here seek to introduce in their

7

amendment.  Moreover, plaintiffs' motion is conspicuously silent with regard to the requisite showing of valid reasons attending their "neglect and delay," Grant, supra, 55 F.3d at 6 (quotations omitted), in not seeking to amend the complaint previously.  If, as plaintiffs maintain, the new claim arises out of "the same conduct, transaction or occurrence set forth in [their] original pleading," Motion to Amend Complaint ¶ 3, then the instant motion is nothing more than the product of inexcusable delay, to which the court at this late date will not give its sanction.[5]

Accordingly, the plaintiffs' motion to amend must be and it is herewith denied.


2.  Defendants' Motion to Dismiss, document 26

As dictated by prior events, the precise legal question before the court is as follows:  whether one snow-tuber who, on descending a hill, encounters a hazard which separates him from his snow tube without injury owes a duty to warn or prevent

---

[5]Notwithstanding the instant ruling, the court also notes that amendment of the complaint to include the newly proposed claim may well prove futile given the court's analysis of the alleged duty defendant owed to Cheryl King, see infra section 2.b., and thus provides an alternative basis upon which the denial may rest, see, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) ("futility of amendment" appropriate ground to deny leave to amend); Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) ("Leave to amend is to be 'freely given' unless it would be futile or reward, inter alia, undue or intended delay.") (citations omitted).

8

another snow-tuber from descending the same hill.

a.  The Motion to Dismiss Standard

The task of a court presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus, the court takes all of plaintiffs' factual averments as true and indulges every reasonable inference in plaintiffs' favor.  See Talbott v. C.R. Bard, Inc., 63 F.3d 25, 27 (1st Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3593 (U.S. Feb. 16, 1996) (No. 95-1321); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

Despite the motion to dismiss moniker, both parties have appended deposition excerpts to their submissions to the court. In light of the court's reliance thereon in making its rulings, the motion is converted to one for summary judgment pursuant to Rule 12(b), Fed. R. Civ. P.  Accord Puerto Rican-American Ins. Co. v. Benjamin Shipping Co., 829 F.2d 281, 285 (1st Cir. 1987) (where there is "no unfair surprise and plaintiffs had ample opportunity to provide the court with any relevant information outside the pleadings, and in fact, did so" court may convert

9

motion to dismiss to summary judgment motion without prior notice to parties).  As such, the court will "interpret the record in the light most hospitable to the nonmoving party, reconciling all competing inferences in that party's favor."  McIntosh v. Antonio, 71 F.3d 29, 33 (1st Cir. 1995) (citation omitted).

### b.  The Duty Matrix

"In order for one's conduct to constitute tortious negligence, it must be in breach of an existing duty and create a foreseeable risk of harm to someone to whom that duty is owed." Thibeault v. Campbell, 136 N.H. 698, 701, 622 A.2d 212, 214 (1993) (emphasis added) (citing Manchenton v. Auto Leasing Corp., 135 N.H. 298, 304, 605 A.2d 208, 213 (1992)).  "[A]bsent the existence of a duty, a defendant cannot be liable for negligence . . . ."  Williams v. O'Brien, 140 N.H. 595, ___, 669 A.2d 810, 813 (1995); see also Trull v. Town of Conway, 140 N.H. 579, ___, 669 A.2d 807, 809 (1995) ("Liability for negligence arises only upon the violation of a duty owed to one person by another."); Stillwater v. Condominium Ass'n v. Town of Salem, 140 N.H. 505, ___, 668 A.2d 38, 40 (1995) (same).  "'[W]hether a duty exists in a particular case is a question of law.'"  Williams, supra, 140 N.H. at ___, 669 A.2d at 813 (quoting Walls v. Oxford Management Co., 137 N.H. 653, 656, 633 A.2d 103, 104 (1993)).

10

"In considering whether a duty exists . . . '[t]he term "duty" serves to focus attention on the policy issues determining the scope of the relationship between the parties.'" Stillwater, supra, 140 N.H. at ___, 668 A.2d at 90 (quoting Doucette v. Town of Bristol, 138 N.H. 205, 210, 635 A.2d 1387, 1391 (1993)) (quotations omitted in Stillwater). "The policy considerations of avoiding both infinite liability and uncertainty in the law must be balanced against the 'need to compensate those plaintiffs whose injuries derive, however remotely, from the defendant's negligence.'" Williams, supra, 140 N.H. at ___, 669 A.2d at 813 (quoting Nutter v. Frisbie Mem. Hosp., 124 N.H. 791, 795, 474 A.2d 584, 586 (1984)).

As a statement of general principle, "a person has no affirmative duty to aid or protect another." Marquay v. Eno, 139 N.H. 708, 716, 662 A.2d 272, 278 (citing Walls, supra, 137 N.H. at 656, 633 A.2d at 104). Moreover, "[a] duty is not created solely because of superior knowledge by one individual over another." Trull, supra, 140 N.H. at ___, 669 A.2d at 809 (citing Conway Nat'l Bank v. Pease, 76 N.H. 319, 326-27, 82 A. 1068, 1072-73 (1912)). Thus "'[t]he duty to protect against a wrong is, generally speaking and excepting certain intimate relations in the nature of a trust, a moral obligation only, not recognized or enforced by law.'" Conway Nat'l Bank, supra, 76 N.H. at 327,

11

82 A. at 1073 (quoting <u>Buch v. Amory Manufacturing Co.</u>, 69 N.H. 257, 261, 44 A. 809, ___ (1897)).

In their opposition memorandum, plaintiffs liken defendant's alleged failings in this matter to a negligent misrepresentation, wherein his conduct on the tubing hill--exhibiting "childlike exuberance" and initiating Cheryl's descent--created "a false understanding of the true circumstances or a sense that others can rely on the appearance of safety."  Plaintiffs' Memorandum of Law at 4.  In this regard, plaintiffs' citation to <u>Farley v. Southeastern Pa. Transp. Auth.</u>, 421 A.2d 346 (Pa. Super. Ct. 1980), which concerns the duties owed by one motorist who "signals" another--thus characterized as a "signaling" case--to proceed, is well taken not for its statement of the applicable law, but for positing a proper analogy by which the duty matrix herein can be evaluated.

The relevant <u>New Hampshire</u> signaling case is <u>Williams v. O'Brien</u>, <u>supra</u>.  In that case, the court stated that

> "the determination of whether a duty should be recognized . . . is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties."

<u>Id.</u>, 140 N.H. at ___, 669 A.2d at 813 (quoting <u>Peka v. Boose</u>, 431 N.W.2d 399, 400 (Mich. Ct. App. 1988)) (further quotation omitted in <u>Williams</u>).  "[T]he balance weighs in favor of the plaintiff

12

only when a special relationship indicating heightened reliance exists or when [ordinary circumstances are not present] or there exist other 'unusual obstacles or obstructions' . . . ." Id. (quoting Peka, supra, 431 N.W.2d at 401) (other citation omitted).

Insofar as "duty and foreseeability are inextricably bound together," id.[6] (quoting Manchenton, supra, 135 N.H. at 304, 605 A.2d at 213), the New Hampshire Supreme Court has concluded, as a consequence thereof, that "a duty arises only under special circumstances where it is foreseeable that . . . [one] will not independently insure that the way is clear," id.; see also Manchenton, supra, 135 N.H. at 304, 605 A.2d at 213 ("Generally, persons will not be found negligent if they could not reasonably foresee that their conduct would result in injury to another or if their conduct was reasonable in light of the anticipated risks."). "Only when the [plaintiff's] view is obstructed in a situation where the [defendant] knew or should have known of the obstruction or there is other objective evidence of reliance can

---

[6]In apparent recognition of this union, "whether a defendant's conduct creates a sufficiently foreseeable risk of harm to others sufficient to charge the defendant with a duty to avoid such conduct is[, like the duty determination,] a question of law." Manchenton, supra, 135 N.H. at 304, 605 A.2d at 213 (citing Paquette v. Joyce, 117 N.H. 832, 834-35, 379 A.2d 207, 209 (1977)).

13

liability be imposed on the [defendant]."  Id.

The evidence before the court provides no basis for concluding that plaintiff's view of the tubing path was obstructed or that the circumstances prevented her from independently assessing whether to walk or tube down the hill.

> Q.  Did you and Greg[g] talk about anything at the top of the hill?
> A.  When Greg[g] came up the hill he had a big smile on his face and said, "You know, this is a lot more fun."  Something like that.
> Q.  He had a pleasant trip down the hill?
> A.  Yes.
> Q.  Did he say anything else?
> A.  I don't recall.
> . . . .
> Q.  And did you then take the other tube to position yourself to go down the hill?
> A.  I don't recall that I did immediately.  I hadn't really decided whether I was going to go or not.  And then every---  And then Greg[g] had made it sound like so much fun that I decided I would.
> Q.  So, but for him having a good time, you're saying you may have walked down the hill as opposed to sliding down the hill?
> A.  Possibly. yes.
> Q.  But Greg[g] had such a good trip that you then decided that you would go down the hill?
> A.  Yes.
> . . . .
> Q.  Did anybody force you to go down the hill?
> A.  No.
> Q.  That was a decision that you made on your own?
> A.  Yes.  On the evidence that I had at the time that Greg[g] had gone down and it was a fun ride.

Deposition of Cheryl L. King at 26-28 (attached to Defendant's Motion to Dismiss).  More pointedly, however, the evidence further fails to indicate the existence of any unusual

14

circumstances or heightened reliance that would serve to tip the duty balance in plaintiff's favor.

Even if the evidence could be construed, arguendo, to constitute "objective evidence of reliance," Williams, supra, 140 N.H. at ___, 669 A.2d at 813, by Cheryl King on defendant's representations, plaintiffs' complaint founders still.

> When negligence of a defendant is in issue, the plaintiff in such a case does not prove his case by showing that the defendant chose to pursue a certain course of conduct, well aware that it involved some risk of injury to others. The plaintiff must satisfy the jury, further, that it was an unreasonable risk, i.e., that it was such a risk that a reasonable man under all the circumstances would refrain from running it.

Marshall v. Nugent, 222 F.2d 604, 609 (1st Cir. 1955) (citations omitted). The evidence before the court vividly demonstrates that all of the parties to the case had been snow-tubing all afternoon without incident. At the hill in question, the third hill of the afternoon, both defendant and plaintiffs' daughter rode their snow-tubes down identical paths without injurious incident. That Cheryl King's trip down the same path resulted in injury, although unfortunate, does not render defendant's conduct "unreasonable". Accord Williams, supra, 140 N.H. at ___, 669 A.2d at 813 ("with respect to negligence actions, it is necessary to adopt well-defined guidelines in order to prevent the imposition of remote and unexpected liability on defendants")

15

(citation omitted).

The court thus finds and rules that defendant owed no cognizable duty to the plaintiffs under the circumstances alleged. Accordingly, defendant's motion to dismiss must be and herewith is granted. In consequence thereof, plaintiff Doug King's claim for loss of consortium must likewise fail. The case is, therefore, closed.

## Conclusion

For the reasons set forth herein, plaintiffs' motion to amend (document 29) is denied, and defendant's motion to dismiss (document 26) is granted. The dismissal of plaintiffs' substantive claim for negligence likewise compels the dismissal of the dependent claim for loss of consortium. With both counts of the complaint herein dismissed, this litigation is at an end, and the clerk is directed to enter judgment in accordance with the provisions of this order.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 25, 1996

cc:  Donald E. Gardner, Esq.
     Mitchell P. Utell, Esq.

16