ROSA LUNA, Mother and Next Friend of Miguel Alejandro Luna, a Minor, *et al.*, Plaintiffs-Appellants, v. PIZZAS BY MARCHELLONI *et al.*, Defendants (Total Overhead Door, Inc., *et al.*, Defendants-Appellees).

Third District   No. 3—95—0851

Opinion filed April 30, 1996.

Roman R. Okrei (argued), of Stefanich, McGarry, Wols & Okrei, of Joliet, for appellants.

Thomas P. Mangan (argued), of Schoen & Smith, Ltd., of Chicago, for appellees.

JUSTICE SLATER delivered the opinion of the court:

The plaintiffs, Rosa C. Luna and Miguel Luna, filed a complaint against defendants Pizzas by Marchelloni[1], Brian R. Luenemann, Total Overhead Door, Inc., and Roger Jacobson for damages resulting from an automobile collision. On May 17, 1995, defendants Total Overhead Door, Inc., and Roger Jacobson filed a motion to dismiss the counts against them (counts XI, XII, XXIII, XXIV, XXXV and XXXVI) on the grounds that they owed no duty to plaintiffs as a matter of law. 735 ILCS 5/2—615 (West 1992). All six counts involve the same issue of "duty." On August 30, 1995, the motion to dismiss was granted. Plaintiffs appeal the dismissal of the counts against Total Overhead Doors, Inc., and Roger Jacobson. The other defendants are not parties to this appeal.

Plaintiffs' complaint alleges that on April 7, 1993, Miguel Luna was driving westbound on Route 30 near the intersection of Gougar Road in the Village of New Lenox, Illinois. Miguel Alejandro Luna, a minor, was a passenger in his father's vehicle. At the same time, Brian R. Luenemann, agent and servant of Pizzas by Marchelloni, was driving eastbound on Route 30 and attempting to make a left turn from Route 30 onto northbound Gougar Road.

The complaint further alleges that, at the same time, Roger Jacobson, agent of Total Overhead Doors, Inc., was stopped, waiting for a train to pass that runs parallel to Route 30. Jacobson's vehicle was facing in a northwesterly direction at Route 30 and Gougar Road. While stopped, Jacobson made eye contact with Luenemann, who was waiting to make a left turn. After establishing eye contact with Luenemann, Jacobson waved and signalled Luenemann to make his turn and indicated that it was safe to do so.

Plaintiffs allege that Jacobson and his principal, Total Overhead Doors, Inc., were negligent and careless in one or more of the following acts or omissions. When Jacobson signalled to Luenemann, he knew or should have known of oncoming traffic. When he signalled

---

[1]Plaintiffs bring suit against Pizzas by Marchelloni in various forms of ownership. Specifically plaintiffs name Pizzas by Marchelloni; Italian Express Franchise Corporation; Italian Express Franchise Corporation, d/b/a Pizzas by Marchelloni; First Midwest Bank/Illinois, as trustee under trust agreement dated March 2, 1988, and known as trust No. 5087; RF Enterprises, a partnership; Phillip Falbo; Rosemary Falbo; Phillip Falbo, d/b/a RF Enterprises and Rosemary Falbo, d/b/a RF Enterprises. Plaintiffs voluntarily nonsuited First Midwest Bank/Illinois.

to Luenemann, Jacobson did not have a view of traffic coming from the east traveling westbound due to the position of his vehicle. Jacobson failed to sound his horn when such warning was necessary to insure safety.

As a consequence of Jacobson's acts or omissions, Luenemann made a left turn in front of Miguel Luna's vehicle resulting in a collision between the Luenemann and Luna vehicles. As a result of the collision, Miguel Alejandro Luna suffered severe and permanent injuries. Miguel Luna also sustained injuries. Rosa Luna brings this action as mother and next friend of Miguel Alejandro Luna, as well as individually for the medical expenses incurred by her as a result of the treatment rendered to her child.

■ For purposes of a motion to dismiss, the truth of all well-pleaded facts is accepted (*Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 371 N.E.2d 634 (1977); *Johnson v. Franzen*, 77 Ill. 2d 513, 522, 397 N.E.2d 825 (1979); *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 395 N.E.2d 549 (1979); *Cross v. Wells Fargo Alarm Services*, 82 Ill. 2d 313, 412 N.E.2d 472 (1980)), and a complaint will be dismissed on the pleadings only if it clearly appears that no facts can be proved which would entitle the plaintiff to recover. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 114 Ill. 2d 278, 499 N.E.2d 1319 (1986).

■ Illinois has long recognized the principle that liability can arise from the negligent performance of a voluntary undertaking. *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 605 N.E.2d 557 (1992); *Pippin v. Chicago Housing Authority*, 78 Ill. 2d 204, 399 N.E.2d 596 (1979); *Nelson v. Union Wire Rope Corp.*, 31 Ill. 2d 69, 199 N.E.2d 769 (1964). "Pursuant to the voluntary undertaking theory of liability, one who gratuitously renders services to another is subject to liability for bodily harm caused to the other by one's failure to exercise due care or 'such competence and skill as [one] possesses.' " *Cross*, 82 Ill. 2d at 317, 412 N.E.2d at 474, quoting *Nelson*, 31 Ill. 2d at 85-86, 199 N.E.2d at 774. Further, a defendant's liability for negligent performance is not limited to those who relied upon defendant's performance, but rather extends to those parties a defendant reasonably could have foreseen would be injured by his negligence. *Nelson*, 31 Ill. 2d 69, 199 N.E.2d 769.

Our decision in *Dace v. Gilbert*, 96 Ill. App. 3d 199, 421 N.E.2d 377 (1981), clearly acknowledges the validity of the voluntary undertaking theory of liability in the traffic context. In *Dace*, we acknowledged that a motorist who gratuitously signals another that traffic conditions are safe may become subject to the duty of acting carefully if he acts at all. The defendant in *Dace* signalled to the

plaintiff that it was safe for him to make a left turn across a lane of traffic. The plaintiff hesitated, then made the left-hand turn and collided with the codefendant's vehicle. Defendant's actions, however, were not the proximate cause of the injury where the plaintiff did not rely upon the signal, and summary judgment was proper.

■ In the instant case, plaintiffs allege that Jacobson and his principal, Total Overhead Doors, Inc., voluntarily undertook to signal Luenemann that it was safe for him to make a left turn; that Jacobson did not exercise due care when performing this voluntary undertaking and finally, that as a result of Jacobson's actions (or omissions) Luenemann collided with Luna's vehicle causing damage to plaintiffs.

Jacobson and Total Overhead Doors, Inc., were under no affirmative duty to signal Luenemann that it was safe to turn. However, upon voluntarily undertaking to signal, *Dace* makes clear that they became obligated to do so with care and may be held liable for injuries proximately caused by their lack of care. Defendants' reliance on *Diaz v. Krob*, 264 Ill. App. 3d 97, 636 N.E.2d 1231 (1994), is misplaced. *Diaz* does not stand for the broad proposition that signalling drivers, as a matter of law, may never assume a duty to act carefully when voluntarily instructing pedestrians or other motorists. Rather, the *Diaz* decision is limited to its facts and will not be applied in the present factually distinct case. Unlike the present case involving plaintiffs, one of whom is a minor and all of whom were acting lawfully at the time of the collision, *Diaz* dealt with an adult pedestrian who crossed the street against a "Don't Walk" signal, was struck by a car, and sought to hold a signalling motorist responsible for her injuries.

Plaintiffs may be able to prove a set of facts establishing that defendants failed to act with due care after voluntarily undertaking to signal Luenemann that it was safe to make a left turn and that such failure was the proximate cause of plaintiffs' injuries. Therefore, the dismissal of the counts against Jacobson and Total Overhead Doors, Inc., was improper.

For the reasons stated above, the judgment of the circuit court is reversed and remanded.

Reversed and remanded.

BRESLIN, P.J., and MICHELA, J., concur.