Desrochers v. Manchester Body . . .    CV-94-604-SD   08/22/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Anthony Desrochers;
Vicki Desrochers


          v.                                   Civil No. 94-604-SD


Manchester Body & Fender, Inc.;
Thomas Redburn; Anthony Cilwa;
Travelers Insurance Company



                          O R D E R


     Presently before the court are:  (1) plaintiffs' motion for

leave to file a second amended complaint, to which all defendants

object; (2) plaintiffs' motion to strike defendant Travelers'

objection,[1] to which no objection or reply has been filed; (3)

Travelers' motion to strike plaintiffs' motion for leave to amend

complaint, to which plaintiffs object; and (4) Travelers' motion

for summary judgment, which defendants Manchester Body & Fender

_____

     [1]Such motion, document 67, was filed by plaintiffs as an
"objection" to Travelers' own objection, document 66, arguing
that Travelers' objection was untimely filed.  Travelers'
objection was filed on June 12, 1996, some nine days beyond the
May 30, 1996, filing deadline for objections to the May 10, 1996,
pleading.  See Rules 6(a) and (e), Fed. R. Civ. P., and Local
Rule 7.1(b) (noting ten-day filing window and three-day extension
for filings submitted via mail).  Accordingly, plaintiffs' motion
(document 67) is granted, and Travelers' objection (document 66)
is herewith ordered stricken.

(MB&F) and Thomas Redburn move to join, and to which plaintiffs object.  Reply memoranda have additionally been filed by plaintiffs and Travelers.

## Discussion

### 1.  Travelers' Motion to Strike, document 68

The basis for such motion is, apparently, that Travelers was not served with a complete copy of plaintiffs' motion for leave to amend their complaint, the defect being the omission of certain exhibits identified in the pleadings.  By medium of plaintiffs' response, it is therein noted that "[w]ith the filing of this response a copy of all attachments to the Motion for Leave to Amend Complaint ha[s] been provided to counsel."  Plaintiffs' Response ¶ 2.  Travelers having filed no pleading indicating the contrary, the motion to strike is accordingly denied as moot.

### 2.  Motion for Leave to Amend Complaint, document 56

Plaintiffs move the court for leave to amend their complaint for a second time, adding both new parties and new legal claims.  Defendant MB&F objects.[2]

---

[2]Travelers' objection has been stricken herein as untimely filed.

"The discretion to permit the amendment of pleadings is derived from the language of Rule 15(a), Fed. R. Civ. P." King v. King, 922 F. Supp. 700, 703 (D.N.H.), appeal filed, No. 96-1756 (1st Cir. July 18, 1996) (footnote omitted). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15(a), Fed. R. Civ. P. See also Foman v. Davis, 371 U.S. 178, 183 (1962).

"Where, as here, a belated attempt is made to revise the pleadings, the court must 'examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.'" King, supra, 922 F. Supp. at 703 (quoting Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989)). Although delay alone is rarely sufficient to justify denial of a motion to amend, "it is clear that undue delay can be a basis for denial." Id. (citing Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979)). Moreover, "'[w]hile motions to amend are liberally granted, a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile.'" Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792

3

(1st Cir. 1995) (quoting <u>Demars v. General Dynamics Corp.</u>, 779 F.2d 95, 99 (1st Cir. 1985)) (other citations omitted).

The First Circuit has previously identified numerous factors, the existence of which would justify a district court's denial of a motion to amend. <u>See</u> <u>Kennedy v. Josephthal & Co.</u>, 814 F.2d 798, 806 (1st Cir. 1987). Among such factors are included the following: (1) would discovery need "to be reopened after the accumulation of an extensive and expensive record and after the legal issues involved had already been developed"?; (2) would the threshold issue "still prove an insurmountable obstacle to recovery"?; and (3) was the motion to amend filed after summary judgment was under advisement? <u>Id.</u> As to this last factor, the Circuit noted that "[u]nder these circumstances, the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on summary judgment." <u>Id.</u> (citing <u>Local 472 v. Georgia Power Co.</u>, 684 F.2d 721, 724 (11th Cir. 1982)).

Discovery in this matter closed, after a one-month extension, on July 1, 1996. Trial is set for the two-week period commencing on November 19, 1996. Although the addition of Consolidated Group, Inc., as an additional defendant would not delay the progress of this case to trial, addition of the new legal claim most certainly will.

Delay issues notwithstanding, plaintiffs' proposed new legal

4

claim is unavailing. New Hampshire Revised Statutes Annotated (RSA) 415:18, XII (Supp. 1995), provides, in relevant part, that "[n]o insurer shall, when issuing or renewing a group or blanket policy or contract of hospital or surgical expense or major medical expense insurance . . . deny coverage or limit coverage to any resident of this state . . . on the basis of health risk or condition . . . ." Such paragraph, however, was not added to this statute until the 1992 amendments. Insofar as the effective date of the group coverage provided to MB&F by Travelers did not commence until August 1, 1991, plaintiffs here attempt to assert a claim under a statutory provision not yet in existence. Under no interpretation of the facts will plaintiffs be entitled to recovery pursuant to RSA 415:18, XII, and thus amendment of the complaint to include such provision would simply constitute an exercise in futility.

In consequence thereof, plaintiffs' motion for leave to amend the complaint is granted in part and denied in part. The proposed second amended complaint accompanying the motion for leave is rejected. Plaintiffs are granted leave to refile a newly constituted second amended complaint naming Consolidated Group, Inc., as an additional defendant. However, no further legal claims may be raised therein. Plaintiffs' entitlement to recovery, if any, is bound and defined by their ERISA claim, and further leave of the court will not be granted, whether such

leave seeks to add new defendants or new claims. This relatively straightforward litigation is well over two years old now, and all parties should be exercising their best efforts to prepare their respective cases for the impending November trial.

3. Travelers' Motion for Summary Judgment, document 47

    a. Summary Judgment Standard

The entry of summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Thus, the role of summary judgment among the array of pretrial devices is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 507 U.S. 1030 (1993).

Among the guidelines to be followed by the court in assaying the summary judgment record is "to interpret the record in the light most hospitable to the nonmoving party, reconciling all competing inferences in that party's favor." McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (citation omitted). "Nonetheless, a party contesting summary judgment must offer the

6

court more than posturing and conclusory rhetoric."  Id.
(citations omitted).

"Moreover, summary judgment may be appropriate '[e]ven in
cases where elusive concepts such as motive or intent are at
issue, . . . if the non-moving party rests merely upon conclusory
allegations, improbable inferences, and unsupported
speculation.'" Woods v. Friction Materials, Inc., 30 F.3d 255,
259 (1st Cir. 1994) (quoting Medina-Munoz v. R.J. Reynolds
Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).


    b.  The Merits

    Travelers moves for summary judgment on plaintiffs' sole
remaining claim, which is asserted under the Employee Retirement
Income Security Act of 1974 (ERISA), Pub. L. No. 93-406, 88 Stat.
829 (codified, as amended, at 29 U.S.C. § 1001, et seq. (1988 &
Supp. 1996)).  This assault follows two prongs:  (1) that
defendant Cilwa was not acting as Travelers' agent when he sold
the Travelers group insurance policy to defendant MB&F or that,
if Cilwa was Travelers' agent, the alleged forgery was not an act
within the scope of his agency; and (2) Travelers would have
declined the group coverage had plaintiffs initially requested
coverage for their daughter Laura and made a full disclosure of

7

her medical health.[3]

Having reviewed the pleadings and exhibits attached thereto, the court finds and rules that genuine issues remain as to whether defendant Cilwa was Travelers' agent, or so held himself out to be. Moreover, it is unclear when, exactly, plaintiffs' daughter obtained the diagnosis that made her subsequently uninsurable. Travelers asserts that such diagnosis occurred prior to June 5, 1991, the date plaintiffs completed the insurance enrollment application, and thus their disclosure was both incomplete and fraudulent. See March 26, 1991, Echocardiogram Report (attached to Travelers' Motion as Albert B. Horan Affidavit Exhibit 4). Whether this initial, apparently uncorroborted, diagnosis was sufficient to trigger plaintiffs' duty to disclose is a question of fact for the jury.

Moreover, plaintiff Anthony Desrochers, however, has verified the allegations in the amended complaint, see Plaintiff's Verification of Facts (attached to plaintiffs'

---

[3]It is upon the force of this latter argument that defendants MB&F and Redburn move to join in Travelers' motion. MB&F and Redburn co-opt Travelers' argument that, even if all of plaintiffs' allegations are taken as true, no damages accrued to plaintiffs due to the conduct of any of the defendants because Travelers would have declined the group coverage policy had Laura's alleged pre-existing condition been forthrightly disclosed. The motion to join (document 63) is granted, the merits of the argument advanced therein to be addressed infra.

8/21/95 summary judgment objection), wherein it is asserted that "[a]fter the insurance paperwork was submitted to the Traveler's [sic] Insurance Company . . . the plaintiffs' daughter . . . was diagnosed as having several serious medical health problems . . . , " Amended Complaint ¶ 10.  Laura Desrochers' diagnosis--and the corresponding duty of plaintiffs to disclose all pre-existing health conditions--thus either preceded the insurance application or followed its submission, but it cannot have occurred at both times.  The identification of this highly relevant date is material to the outcome, yet is in genuine dispute.  Accordingly, Travelers' motion for summary judgment must be and herewith is denied.


## Conclusion

For the reasons set forth herein, plaintiffs' motion for leave to file second amended complaint (document 56) is granted in part and denied in part.  Plaintiffs may add Consolidated Group, Inc., as a named defendant, but shall not add any new legal claims.  Additionally, plaintiffs' converted motion to strike (document 67) is granted, Travelers' motion to strike (document 68) is denied as moot, MB&F's and Redburn's motion to join (document 63) is granted, and Travelers' motion for summary

9

judgment (document 47) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 22, 1996

cc:   Peter G. McGrath, Esq.
      H. Jonathan Meyer, Esq.
      Anthony Cilwa, pro se
      Edward P. O'Leary, Esq.